■ RAFFAELO CERCIELLO et al., Respondents, and JOSEPH PATRALITEX, Individually and as Administrator of the Estate of GERALDINE PATRALITES,

Deceased, Respondent-Appellant, v. MIGUELLE RODRIGUEZ, Defendant, and DANIEL PEDATO et al., Appellants-Respondents. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Intervenor-Respondent-Appellant.— Order, entered June 21, 1965, in consolidated personal injury and wrongful death negligence actions, denying motion for summary judgment by defendants Pedato, and granting in part and denying in part cross motions, by intervenor MVAIC and plaintiff Patralites, joined in by plaintiffs Cerciello, to strike certain affirmative defenses, unanimously affirmed, without costs or disbursements to any party. For the reasons stated in the opinion of Mr. Justice SAYPOL at Special Term and on the authority of *McGee* v. *Horvat* (23 A D 2d 271, BRENNAN, J.) it is concluded that the arbitration awards against MVAIC do not enure to the benefit of the tort-feasor and that MVAIC has a right of reimbursement by way of subrogation from any recoveries which may result in this case. The issue of the right or need for intervention by MVAIC, passed on in the *McGee* case (*supra*) is not reached in this case, because the instant right to intervene was determined by prior orders from which no appeals were prosecuted to this court. The affirmative defenses of *res judicata* (or collateral estoppel) and estoppel which were not dismissed by Special Term relate only to the amount of the recovery. While it may be difficult, or even impossible, for defendants Pedato to prove that the arbitration awards constituted full satisfaction for the harm done (because of the $10,000 limitation on such arbitration awards), in logic and policy the defenses should remain to provide it with that opportunity. While this injects a factor not present in the ordinary common-law tort action, the existence of the MVAIC scheme justifies its injection, if indeed it does not require it, so that the MVAIC scheme will work intelligently. In a proper case if the issue of damages, within the award limits, was demonstrably fully litigated in the arbitration forum to measure full satisfaction for the claimant, it would be unjust to permit the claimant as plaintiff in the common-law tort action to relitigate the issue although the parties are not identical (see, e.g., *Friedman* v. *Park Lane Motors*, 18 A D 2d 262, for the discussion of the authorities cited in both opinions). Concur— Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.