Chief Judge Fuld.
This contest, involving MVAIC and an insurance company which disclaimed liability on a policy, poses the question whether the insurance company is liable to MVAIC for the amount the latter paid to the victim of an automobile accident.
In Matter of MV AIC (Malone) (16 N Y 2d 1027, 1029), we reversed the Appellate Division and held that, before MVAIC could be compelled to arbitrate a claim against it for injuries inflicted by a motorist whose insurance company disclaimed liability, it was entitled “to litigate before a court * * * the question of whether the * * * [insurance] policy * * * was validly cancelled.” (See, also, Matter of Carlos [MV AIC], 17 N Y 2d 614.) The present case arose before our Malone decision was handed down, at a time when MVAIC was obligated to arbitrate and satisfy such a claim in advance of any judicial determination of the validity of the disclaimer on the part of the tort-feasor’s insurer. (See, e.g., Matter of Scire [MV AIC], 19 A D 2d 788; Matter of MV AIC [Malone], 19 A D 2d 542, revd. 16 N Y 2d 1027, supra; Matter of MV AIC [Turk], 33 Misc 2d 597; Matter of MV AIC [Holley], 33 Misc 2d 567.) Under this procedure, if the disclaimer were later ruled invalid, MVAIC was permitted to recoup its losses from the insurance company. (See, e.g., Matter of Rivera [MV AIC], 22 A D 2d 201, mot. for lv. to app. den. 15 N Y 2d 485.) All of this has, of course, been changed by our Malone decision (16 N Y 2d 1027, supra) and the problem presented by the case before us will, therefore, not recur.
In 1961, the defendant Murray, while driving his automobile, collided with a car owned and operated by the defendant Bermudez. At the time, Murray’s liability insurance was carried by the defendant-appellant National Grange Mutual Insurance Company (National). Murray failed to co-operate with National in its investigation of the accident even after Bermudez instituted suit. The defendant insurer thereupon disclaimed liability under the policy. Immediately upon receiving notice of the disclaimer, Bermudez proceeded under the MVAIC endorsement to his own policy (see Insurance Law, § 167, subd. 2-a [L. 1958, ch. 759, § 4]) and filed a claim against MVAIC for his injuries. He was ultimately awarded $1,000 by the arbitrators and, after the award was confirmed by the *118 Supreme Court, MVAIC paid it. In the meantime, the defendant National, not content with merely disclaiming liability, sued the parties to the accident, the defendants Murray and Bermudez, and obtained a default judgment declaring that the disclaimer was “ proper No appeal was taken from that determination nor has any effort been made to reopen the judgment. In the case before us, MVAIC sued National for a declaratory judgment that the disclaimer of liability was ‘ ‘ invalid and of no force and effect National answered and moved for summary judgment on the ground that the matter had been litigated in the earlier declaratory judgment suit and it was, therefore, res judicata.
The court at Special Term denied the motion. On appeal, the Appellate Division affirmed by a divided court, holding that, since MVAIC derived its rights “ from the statute creating it,” rather than merely through subrogation to the rights of Bermudez, it was not bound by National’s declaratory judgment against the latter.
Although we agree with the courts below that principles of res judicata do not here operate to bar MVAIC’s cause of action, we do not read the Insurance Law as granting greater rights to MVAIC than it obtains from its subrogor-subrogee relationship with Bermudez. As previously indicated, Bermudez was an “insured” person (Insurance Law, § 167, subd. 2-a) who had paid an additional premium for the MVAIC endorsement to his policy under which MVAIC, as an insurance carrier, became obligated to provide him with certain insurance coverage. To be sure, that endorsement was required by subdivision 2-a of section 167 of the Insurance Law but MVAIC’s obligation to Bermudez was, nevertheless, contractual rather than statutory in nature. Absent the provision in the contract of insurance, ‘ ‘ there could and would be no conceivable basis for recovery against MVAIC ”. (Matter of De Luca [MV AIC], 17 N Y 2d 76, 79.) Moreover, section-167, far from giving MVAIC any special rights as an insurer, does not even explicitly declare that MVAIC obtains subrogation rights when it compensates an “insured” person as provided by the terms of his policy. Accordingly, it would seem that the Legislature intended to afford to MVAIC only those rights possessed by all insurers generally under traditional principles of insurance law. This *119 conclusion is confirmed by comparing subdivision 2-a of section 167, which concerns 1 ‘ insured ’ ’ persons such as Bermudez, with subdivision (b) of section 619, which covers uninsured “ qualified ” persons who are victims of hit-and-run accidents. The latter statute recites that, when MVAIC discharges its statutory duty of compensating the victims of hit-and-run accidents, it is ‘1 subrogated ’ ’ to the cause of action against the unknown tortfeasor and that is the only right which it is given. If MVAIC has no greater rights than a subrogee in such a case — where the victim’s cause of action against it is purely statutory in origin — there certainly is no basis for implying greater rights than those of a subrogee when, as with Bermudez, the cause of action against MVAIC was contractual in nature.
The defendant National does not dispute, as indeed it could not, that MVAIC was subrogated to Bermudez’s rights against the tort-feasor, the defendant Murray, by virtue of having compensated Bermudez for his injuries. (See, e.g., Ocean Acc. & Guar. Corp. v. Hooker Electrochem. Co., 240 N. Y. 37; United Servs. Auto. Assn. v. Graham, 21 A D 2d 657.) If it recovered judgment against Murray and that judgment was “ unsatisfied ”, MVAIC would be privileged to maintain an action directly against National for the amount of the judgment.- (Insurance Law, § 167, subd. 1, par. [b]; subd. 5.) Therefore, a “ justiciable controversy ” existed between MVAIC and National as to the validity of National’s disclaimer, and MVAIC was warranted in suing for a declaratory judgment (CPLR 3001; see United Servs. Auto. Assn. v. Graham, 21 A D 2d 657, supra).
As a subrogee or privy of Bermudez, MVAIC would normally be bound by Bermudez’s participation in an earlier lawsuit. (See, e.g., Liberty Mut. Ins. Co. v. Colon & Co., 260 N. Y. 305, 311.) However, this does not necessarily mean that, in the case before us, National is entitled to summary judgment on its affirmative defense of res judicata. Settled though the principle is that a question once tried out should not be relitigated between the same parties or their privies, the doctrine of res judicata, as we said in Commissioners of State Ins. Fund v. Low (3 N Y 2d 590, 595), “ must not be allowed to operate to deprive a party of an actual opportunity to be heard ”. Consideration of the situation in the present case demonstrates that such a full opportunity to litigate the validity of National’s disclaimer *120 cannot here be attributed to MVAIC. (See Minkoff v. Brenner, 10 N Y 2d 1030; Commissioners of State Ins. Fund v. Low, 3 N Y 2d 590, 595-596, supra.)
In the earlier declaratory judgment action brought by National against Bermudez and Murray, it is manifest that Bermudez had neither interest nor incentive to contest National’s disclaimer for the simple reason that, even if the fact of disclaimer were found, he would still be entitled to proceed against MVAIC under his own policy. Quite obviously, as long as someone compensated him for his injuries, he cared not whether the payment came from National or MVAIC. In point of fact, he may have been better off by reason of National’s disclaimer since it had the effect of substituting arbitration with MVAIC for a lawsuit against Murray. Significantly, Bermudez permitted National to take judgment against him by default and, -although served, he has not appeared in the present suit either.
On the other hand, MVAIC is vitally interested in establishing that National should ultimately be obligated to bear the cost of compensating Bermudez for his injuries. Under the circumstances, it would be both unreal and unjust to say that the validity of National’s disclaimer was litigated between parties having an adversary interest in the first suit and that Bermudez’s participation in the earlier lawsuit was the equivalent of an ‘ ‘ actual opportunity ’ ’ to try out that issue so as to bar MVAIC from contesting it now. (See Commissioners of State Ins. Fund v. Low, 3 N Y 2d 590, 595-596, supra; Minkoff v. Brenner, 10 N Y 2d 1030, supra; cf. CCA, § 1808.) We hold, therefore, that res judicata is no defense to this suit for a declaratory judgment and that' the courts below acted properly in denying the defendant’s motion for summary judgment.
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
Judges Van Voorhis, Burke, Scileppi, Bergah, Keatihg and Breitel concur.
Order affirmed, etc.