In the Matter of the Arbitration between IDA TRAVIS, Respondent, and GENERAL ACCIDENT GROUP, Appellant.

Third Department, November 14, 1968.

*Levene, Gouldin & Thompson* (*David M. Gouldin* of counsel), for appellant.

*Willsey, Meagher, Hummer, Madigan & Buckley* (*Joseph P. Hester, Jr.,* of counsel), for respondent.

HERLIHY, J. P. The petitioner, Ida Travis, commenced actions against the owners and operators of both motor vehicles to recover for personal injuries. The defendants Hopkins and Short have answered the complaints through their respective attorneys. The defendants Buterbaugh, who were duly served pursuant to section 253 of the Vehicle and Traffic Law, have not appeared in any of the actions.

The petitioner, Ida Travis, seeks to compel the respondent, General Accident Group, the insurer of the Hopkins' vehicle, to arbitrate her claim under the MVAIC clause in its policy on the ground that the Bankers Allied Mutual Insurance Company of Pennsylvania, the insurer of the Buterbaugh vehicle, has been found by the Insurance Commission of Pennsylvania to be insolvent prior to and at the time of the accident.

Special Term held that the fact of the insolvency of an insurance carrier caused a vehicle insured by it to become an " uninsured " vehicle within the meaning of subdivision 2-a of section 167 of the Insurance Law.

Pursuant to that particular section of the Insurance Law, personal liability insurance policies on vehicles principally garaged or used in this State must protect the persons designated as insured against such losses when caused by among other things an "uninsured motor vehicle" or "an insured motor vehicle where the insurer disclaims liability or denies coverage".

The present record establishes that as to uninsured vehicles, Ida Travis was an insured under the terms and conditions of the appellant's policy issued to the owner of the car in which she was riding when she suffered injuries. The automobile which collided with the vehicle insured by the appellant was covered by an insurance policy issued by an out-of-State insurance carrier; was registered in Pennsylvania; neither party disputed the fact that the insurance company became insolvent and was ordered dissolved and liquidated; nor is there any question that the insurance carrier failed to appear or answer the complaint on behalf of its insured Buterbaugh. The suspension order by the Pennsylvania Insurance Commissioner suspends the entire business of Buterbaugh's insurance carrier and prohibited any transfer of property or "payment of monies without prior written approval of the Insurance Commission of Pennsylvania". Pragmatically the insurance company's inability to protect the rights of its insured to indemnification should be considered, under the circumstances, a disclaimer of liability and/or a denial of coverage. The appellant in its brief states: "In the instant case, there has been no denial of coverage, merely an inability to pay". The failure to defend and indemnify its insured is the governing factor in determining that the insured is "uninsured" within the declared purpose of the statute. (See Insurance Law, § 600.) It would appear in the present circumstances that by application of law — suspension order of the Pennsylvania Insurance Commissioner — the "company writing the same denies coverage thereunder".

In determining the coverage provided by subdivision 2-a of section 167 of the Insurance Law the court must consider the expressed and apparent intent of the legislation; that the statute was novel in its scope; and that its purposes were social and economic. Such a consideration seems to compel the conclusion that the insolvency of an insurance carrier was intended to be included in the category of "uninsured motorist" when it factually appears that the insurance company has been ordered liquidated; that it has failed to properly defend the insured; and that there is a *conceded* "inability to pay". It has been suggested in prior court decisions that the statute might be broadened and otherwise amended. However, as to the present

situation, there appears to be no logical reason why the court should interpret the statute so narrowly as to be contrary to what is the apparent intent and purpose of its enactment. (See *Matter of Vanguard Ins. Co. [Polchlopek]*, 18 N Y 2d 376.) There is authority in other jurisdictions for such a finding. (*Pattani* v. *Keystone Ins. Co.*, 426 Pa. 332; *North Riv. Ins. Co.* v. *Gibson*, 244 S. C. 393; *State Farm Mut. Auto Ins. Co.* v. *Brower*, 204 Va. 887; *McCaffery* v. *St. Paul Fire & Marine Ins. Co.*, 236 A. 2d 490 [N. H.]; *Stephens* v. *Allied Mut. Ins. Co.*, 182 Neb. 562.)

It should be noted that ordinarily whether the tort-feasor's insurance carrier is insolvent and accordingly "uninsured" is a matter of fact to be resolved at a trial. Here, there being no dispute as to insolvency or liquidation, there is no factual issue, but only an issue of law.

While it is not necessary to our decision, it would appear that as to the respondent General Accident Group, if it responds in damages to the petitioner herein, it would be entitled to be subrogated to any rights of the petitioner. (See Insurance Law, § 167, subd. 7.)

Under the circumstances, the out-of-State respondent Buterbaugh is an uninsured motorist as a matter of law within the meaning and contemplation of the statute and the petitioner is entitled to arbitrate her claim against the General Accident Group.

The order should be affirmed.

REYNOLDS, AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Order affirmed, with costs.