■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Respondent, and MAUREEN K. NESS, Appellant.— Order entered June 4, 1968, granting a stay in arbitration pending a preliminary trial of the issue of whether an "uninsured" vehicle was involved in the accident is reversed, on the law, with $30 costs and disbursements to appellant and stay of arbitration denied. Petitioner insurance company concedes (1) that service of a demand for arbitration served by the respondent complied fully with CPLR 7503 (subd. [c]) as did the caveat contained in the notice; and (2) that the subject proceeding to stay arbitration was instituted more than 10 days after service of the aforesaid demand for arbitration. Petitioner contends that the failure to apply for a stay within 10 days does not preclude the preliminary trial of the issue of whether an uninsured vehicle was involved in the subject accident. Petitioner argues that respondent "Ness does not fall within the agreement for arbitration because of the fact that there is no uninsured vehicle involved in this particular situation. Therefore, her legal remedy should be pursued before a Court of Law and not before the American Arbitration Association." The demand for arbitration contained the provision under CPLR 7503 (subd. [c]) that "unless the party served applies to stay arbitration within ten days after such service [the said party] shall thereafter be precluded from objecting

that a valid agreement was not made or has not been complied with". We have recently held in *Cosmopolitan Mut. Life Ins. Co.* v. *Moliere* (31 A D 2d 924) that failure to move within 10 days after the service of notice to arbitrate precluded raising a question of whether there had been a disclaimer by an insurance company rendering a vehicle "uninsured". We also consider *Matter of Rosenbaum* (*American Sur. Co.*) (11 N Y 2d 310) directly in point and dispositive of the issue herein. Concur — Stevens, P. J., Eager, McGivern. Markewich and Nunez, JJ.