■ In the Matter of JOSEPH NASCA, Respondent, v ROYAL GLOBE INSURANCE COMPANY, Appellant. — Order affirmed, with costs. All concur, Cardamone, J. P., not participating. Memorandum: Claimant Nasca, a "[c]overed person" as that term is defined in subdivision 10 of section 671 of the Insurance Law, sustained injuries as a result of an automobile accident involving a "noncovered" person. From February, 1980 to December, 1980 he received workers' compensation benefits for his injuries. He then sought recovery under the uninsured motorists provision of his insurance contract and his claim was rejected. Royal Globe sought to stay arbitration of the dispute on two grounds: that claimant has not sustained a "serious injury" (Insurance Law, § 671, subd 4; § 673, subd 1) and that the company is entitled to a setoff in the amount of any moneys received by claimant through workers' compensation benefits. Special Term rejected this application to stay arbitration. We agree. While the Insurance Law is silent as to whether a "serious injury" must be shown before an injured person may recover under the uninsured motorists provision of an insurance policy, this court has held that such a condition precedent need not be established under the circumstances of this case *(Matter of Dean v Nationwide Mut. Ins. Co.,* 75 AD2d 984). The rationale of so holding lies in the fact that an insured driver has a common-law right to sue an uninsured driver directly without having to establish a serious injury. (See *Montgomery v Daniels,* 38 NY2d 41, 62). Under the uninsured motorist insurance indorse-

ment contained in claimant's policy, the company agreed to "pay all sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle", subject of course to monetary limits contained in the policy. The company may not exact a more rigid standard from the insured than can the uninsured motorist. The company's application to stay arbitration based upon their asserted claim to a setoff of workers' compensation benefits paid to claimant must similarly fail. In seeking recovery under the uninsured motorists indorsement contained in his policy, claimant is seeking relief for his injuries and conscious pain and suffering as distinguished from first-party benefits. In the latter case, of course, the company would have a lien to the extent of any first-party benefit paid (Insurance Law, § 673, subd 2; *Royal Globe Ins. Co. v Connolly,* 54 AD2d 1117). The record here does not indicate whether any first-party benefits were paid to claimant. There is no statutory basis for reducing the amount of any recovery claimant might acquire by the amount of workers' compensation payments made. If there is a contractual right to set off workers' compensation benefits, this in any event would not constitute grounds to deny arbitration but is an issue which can be determined by the arbitrator. (Appeal from order of Erie Supreme Court, Denman, J. — arbitration.) Present — Cardamone, J.P., Simons, Hancock, Jr., Doerr and Schnepp, JJ.