OPINION OF THE COURT
George G. Bernhard, J.
The Dutchess County Department of Social Services objects to an order dismissing its paternity petition on behalf of Marylou M. who gave birth to a female child on July 1, 1984 in Poughkeepsie, New York, against Gaetano C.
The petition dated October 16, 1987 has annexed thereto an affidavit of the natural mother to the effect that she was divorced from a third party in March 1983 and had regular sexual intercourse with respondent from March 1983 to October 1984.
There appears a prior proceeding by the same petitioner, sub nom. Marylou G. v Gary Charles G, in which a Judge of this court ordered the mother, child and respondent to submit to a human blood leucocyte antigen tissue test on March 29, 1985. The prior petition dated October 15, 1984 alleges intercourse from September 29,1981 to June 23,1984.
However, by order dated July 29, 1985, the petitioner having refused to appear for the blood test, her proceeding was "withdrawn with prejudice against petitioner”.
The Hearing Examiner dismissed the present proceeding "without prejudice based on Judge M * * * Order of Dismissal dated July 29, 1985”.
The county insists (a) that it is not bound by the prior order and (b) that the provision in the prior order dismissing the proceeding "with prejudice” was in error.
As to the latter argument, aside from the lack of authority of this court to act in an appellate capacity over Judge M’s order (CPLR 2221), the order constitutes a dismissal almost three years old. The time to appeal is long gone and the only issue is whether the county is estopped by this order.
The county relies in this regard on Family Court Act § 522 which provides, in part, as follows: "If a proceeding is originated by a public welfare official and thereafter withdrawn or dismissed without consideration on the merits, such withdrawal or dismissal shall be without prejudice to other persons.”
The above language is clearly intended to protect mother *1066 and child from estoppel due to procedural lapses in the initial stages of a paternity proceeding by public officials. There is nothing to suggest a legislative intent to the converse. In other words, there is nothing to protect the welfare officials from application of the usual principles of res judicata and collateral estoppel.
In recent years, our courts have vastly expanded the conclusive effects of judgments so that a judgment may be entered in evidence against the unsuccessful party as conclusive evidence on the issue of liability by a person who was a stranger to the litigation (see, e.g., Koch v Consolidated Edison Co., 62 NY2d 548).
Prior judgments have been long enforced against the privies or assignees of parties to a judgment.
This court holds that the Dutchess County Department of Social Services stands in the position of a privy by way of subrogation (assignment) to the rights of the mother of the child who has received public assistance.
The issue with respect to privies of parties concluded by judgments such as this case is whether the event which gives rise to privity took place prior to judgment. (Gramatan Home Investors Corp. v Lopez, 46 NY2d 481; see also, MVAIC v National Grange Mut. Ins. Co., 19 NY2d 115.) In this case, the precise question is whether the payments by Dutchess County Department of Social Services took place before or after the default which gave rise to the prior order entered July 25, 1985. This was based on her failure to appear for a blood test, pursuant to order dated March 14, 1985 and entered March 29, 1985.
In this connection, the affidavit of the, Assistant County Attorney recites "The Department of Social Services started giving public assistance to Mary Lou G * * * a/k/a Mary Lou M * * * on behalf of Leigh Ann C * * * in July 1985” (emphasis supplied).
Under the circumstances, it is clear that as of the date of the order of dismissal, the Department of Social Services had extended such a small amount of funds that its claim to subrogation was de minimis. Over two years was to elapse before the commencement of this proceeding on the basis of benefits paid at the rate of $43.38 weekly.
The county is barred by the prior order.
The objections are overruled.