■ MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent, v AMERICAN SECURITY INSURANCE COMPANY, Appellant, and THEODORE RAMSKI, SR., as Administrator of the Estate of THEODORE RAMSKI, JR., Respondent.—Order and judgment (one paper), Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about June 10, 1988, which inter alia, adjudged and declared an insurance policy issued by defendant, American Security Insurance Company (American), to be in effect at the time the accident took place, and denied American's motion to dismiss the complaint, insofar as it seeks money damages, is unanimously modified, on the law and on the facts, to the extent of granting the motion, without prejudice to the commencement of a plenary action for damages, and, except as modified, otherwise affirmed, without costs.

On June 7, 1980, Ms. Dorothy Rohn was a passenger on a

motorcycle which was owned and operated by Mr. Theodore Ramski, Jr., when that motorcycle collided with a motor vehicle which was owned and operated by Mr. Robert Y. Williamson. This accident occurred on a public highway near Herricks, New York, and resulted in the deaths of Ms. Rohn and Mr. Ramski, Jr. Thereafter, in August 1981, the estate of Ms. Rohn commenced, in Kings County, a wrongful death action against the estate of Mr. Ramski, Jr. Since American, which had issued the policy of insurance (policy) to Mr. Ramski, Jr., disclaimed coverage upon the ground that the policy had been canceled, the Motor Vehicle Accident Indemnification Corporation (MVAIC) was compelled to undertake the defense, and settled this Kings County action for $47,500.

Subsequent to the settlement, mentioned *supra,* MVAIC had reason to believe the American policy had been in effect at the time of the accident. Therefore, in 1986, MVAIC (plaintiff) commenced, in New York County, an action against American and the estate of Mr. Ramski, Jr., which sought, in substance, a declaration that American's disclaimer was invalid, and money damages to reimburse plaintiff for the amounts it had expended in the defense and settlement of the Kings County action, mentioned *supra.*

Following the service of defendant American's (defendant) answer, defendant moved to dismiss so much of the complaint against it as sought damages. Plaintiff opposed. The IAS court denied the defendant's motion, declared that defendant's policy was in effect at the time of the accident, ordered the parties to proceed with discovery, and ordered the instant action to be placed on the Trial Calendar within 90 days of entry of the order, for a trial on the issue of damages.

In view of the fact that defendant has conceded that its policy was in effect at the time of the accident, the only issue before us is whether plaintiff can pursue a direct action for reimbursement against the defendant.

Our review of legal authority indicates clearly that, since plaintiff is subrogated to the rights of the estate of Ms. Rohn against the estate of Mr. Ramski, Jr., by virtue of having compensated the estate of Ms. Rohn, it must first proceed against the estate of Mr. Ramski, Jr., and, if it recovers a judgment which is unsatisfied, it can then proceed, by a plenary action for damages, against defendant carrier to satisfy said judgment *(see, MVAIC v National Grange Mut. Ins. Co.,* 19 NY2d 115, 119 [1967]).

Since we find that Insurance Law § 5213 only gives the

plaintiff the status of a subrogee when it settles an action, it is not within our power, as a court, to change the legislative decision as to the procedure to be followed by the plaintiff to obtain reimbursement.

Based upon the analysis *supra,* we find the IAS court erred in denying defendant carrier's motion.

Accordingly, we modify to the extent of granting the motion to dismiss the complaint, insofar as it seeks money damages against defendant, without prejudice to the commencement of a plenary action for damages, and except as thus modified, otherwise affirmed. Concur—Ross, J. P., Asch, Rosenberger, Wallach and Smith, JJ.