In the Matter of the Arbitration between HERMAN TAUB et al., Appellants, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.

First Department, March 13, 1969.

*Norman Perlman* of counsel (*Horowitz & Perlman,* attorneys), for appellants.

*Sidney Gaines* of counsel (*Edward Cherney* with him on the brief; *Friedlander, Gaines, Ruttenberg & Goetz,* attorneys), for respondent.

Rabin, J. The claimants, Herman and Anne Taub, appeal from an order which granted the respondent Motor Vehicle Accident Indemnification Corporation's (hereinafter referred to as MVAIC) motion for a permanent stay of arbitration. The facts are not in dispute. The claim arose out of an accident which allegedly occurred within the State of New York on February 22, 1965. The claimants were in an automobile which was involved in a two-car collision. The second car (the alleged offending vehicle), owned by one Richard E. Schwartz, was registered in New Jersey. On the date of the accident the Schwartz vehicle was insured by the United Benefit Fire Insurance Company of Omaha, Nebraska. The claimants were insured by the Government Employees Insurance Company under a policy issued in 1964 which, pursuant to the Insurance Law, as then written, contained the standard MVAIC uninsured motorists provision. That provision, as more fully discussed herein, provides for MVAIC's liability for injuries inflicted in certain circumstances from accidents occurring within this State.*

Subsequent to the accident, by decree of the District Court of Douglas County, Nebraska, dated November 24, 1965, the United Benefit Fire Insurance Company was declared insolvent and liquidation was ordered. Thereafter, the claimants filed notice of claim against MVAIC and demanded arbitration. MVAIC applied for a stay of arbitration, arguing that the claim was not proper since the Schwartz vehicle was insured at the time of the accident, and did not fall within any of the categories

---

* Subdivision 2-a of section 167 of the Insurance Law has since been amended and as of July 1, 1965 the insurer rather than MVAIC must pay the insured the required sums for injuries, or death, inflicted by uninsured automobiles, as enumerated in such section.

of section 600 of the Insurance Law. That section lists categories which the Legislature found to present situations where previous existing legislation failed to accomplish the purpose of securing to innocent victims of automobile accidents, reimbursement for injuries sustained by them. The categories are as follows:

" (1) uninsured motor vehicles registered in a state other than New York,

" (2) unidentified motor vehicles which leave the scene of the accident,

" (3) motor vehicles registered in this state as to which at the time of the accident there was not in effect a policy of liability insurance,

" (4) stolen motor vehicles,

" (5) motor vehicles operated without the permission of the owner,

" (6) insured motor vehicles where the insurer disclaims liability or denies coverage, and

" (7) unregistered motor vehicles."

Special Term found that the offending vehicle, having been insured at the time of the accident, was an insured vehicle within the meaning of the Insurance Law. It held that it did not matter that after the accident the insurance company was liquidated and, consequently, found that there could be no recourse to MVAIC.

The issue thus presented on this appeal is whether the standard uninsured motorist indorsement extends coverage to an injured innocent " insured " victim of an automobile accident, where the alleged tort-feasor at the time of the accident was covered by liability insurance which subsequently became ineffective by reason of the insolvency of the tort-feasor's insurer. The actual policy issued to the claimants is not included in this record and, therefore, the exact language of the uninsured motorists provision is not before the court. Nevertheless, such indorsement must of necessity be considered as containing the provisions listed in subdivision 2-a of section 167 of the Insurance Law (above quoted), because by the terms of the statute, automobile insurers, prior to 1965, were mandated to include provisions in the policy to give protection through MVAIC to the insureds in situations as enumerated in the statute. Hence, if the claimants were injured as the result of any accident with an automobile, which automobile can be considered as coming within any of such provisions, the claimants may proceed to seek arbitration with MVAIC as the result of the uninsured motorist indorsement in their policy.

The claimants argue that the Schwartz vehicle, being registered out of the State, must be deemed to be an uninsured vehicle within the meaning of category 1 of section 600, despite the fact that at the time of the accident it was covered by insurance. They point to the distinction between this category and category 3 which, referring to vehicles registered in this State, provides that only vehicles not having liability insurance '' at the time of the accident '' may come within the provisions of the section. The claimants urge that no such limitation being contained in category 1, it must be read to mean that a vehicle must be deemed to be an uninsured vehicle within the meaning of that category where there is no insurance in effect available to a claimant seeking timely relief. There may be a good deal of merit to that position.

Be that as it may, however, the claimants, in the alternative, argue that the situation here presented brings them within category 6, '' insured motor vehicles where the insurer disclaims liability or denies coverage ''.

We agree with that position and believe that the insolvency of the insurer was tantamount to a disclaimer of liability, or denial of coverage and, therefore, the claimants may proceed to arbitration. To hold otherwise would be to shut our eyes to the need which prompted the enactment of the Motor Vehicle Accident Indemnification Corporation Law, and it would fail to accomplish the beneficent remedy that statute affords.

Recent decisions of the Court of Appeals indicate that in interpreting the provisions of the Motor Vehicle Accident Indemnification Corporation Law (L. 1958, ch. 759, eff. Jan. 1, 1959), we must look to the enactment '' as a whole  *  *  * discerning the purpose and policy underlying the statute, and by giving the words a meaning which serves, rather than defeats, the ends intended by the Legislature.'' (*MVAIC* v. *Eisenberg*, 18 N Y 2d 1, 3.)

Thus, in considering the issue at hand, we cannot be limited by a narrow construction of one single provision of the statute. Rather, a liberal construction is mandated to accomplish the protection sought to be given. (See *Matter of Vanguard Ins. Co.* [*Polchlopek*], 18 N Y 2d 376.)

Such approach was taken recently by the Third Department in *Matter of Travis* (*Gen. Acc. Group*) (31 A D 2d 20) where the court was confronted with a problem similar to the one presented here. In that case the petitioner sought to compel her driver's insurance company to arbitrate under the uninsured motorist provision of the policy on the ground that the insurer of the second automobile involved in the accident had

been found to be insolvent prior to and at the time of the accident. The Appellate Division held that the insolvency by the insurer of the offending vehicle, caused the vehicle insured by it to become an uninsured vehicle within the meaning of subdivision 2-a of section 167 of the Insurance Law. In the *Travis* decision (*supra*), as indicated, the evidence showed that the insurance company was insolvent prior to the time of the accident. Here, the out-of-State insurer, United Benefit was declared insolvent after the date of the accident, and there is nothing to indicate whether or not it was, in fact, insolvent at the time of the accident. Nevertheless, we feel that the reasoning in the *Travis* decision is equally applicable to the situation before us. We can perceive no difference in the situations as they affect innocent victims where the finding of insolvency comes after the accident. He is left without adequate resort to the protection he should have regardless of whether the insolvency occurs before or after the accident. To be sure, the reasoning of the *Travis* decision did not in any way depend upon when the insolvency occurred. Rather, the court felt that the insolvency brought the situation within the ambit of subdivision 2-a of section 167 of the Insurance Law which covered the situation of '' an insured motor vehicle where the insurer disclaims liability or denies coverage.'' As stated by that court, with regard to the insurer's insolvency, '' pragmatically the insurance company's inability to protect the rights of its insured to indemnification should be considered, under the circumstances, a disclaimer of liability and/or a denial of coverage. * * * The failure to defend and indemnify its insured is the governing factor in determining that the insured is ' uninsured ' within the declared purpose of this statute. (See Insurance Law, § 600.) '' (*Matter of Travis, supra*, p. 21.)

Here, where the finding of insolvency was made after the accident, the insurance company is still unable to protect the rights of its insured to indemnification. Such factor brings this situation quite clearly within the scope and reasoning of the *Travis* decision. While there has been no express or formal denial of coverage, or disclaimer of liability, the statute does not require that it be made in any particular manner. The denial of coverage can be made just as effectively by the acts of the insurer, i.e., here, the insolvency. The determinative factor is that the insurance company did not accord the protection it contracted to give, and that brings MVAIC protection into play.

We, therefore, hold that the insolvency and order of liquidation as to Schwartz's insurer entitles the claimants to proceed under their indorsement to arbitrate with MVAIC.

Courts in other States, having similar statutes, have come to the same conclusion. (See, e.g., *Katz* v. *American Motorist Ins. Co.*, 244 Cal. App, 2d 886; *McCaffrey* v. *St. Paul Fire & Mar. Ins. Co.*, 108 N, H. 373; *Pattani* v. *Keystone Ins. Co.*, 426 Pa. 332; *State Farm Mut. Auto. Ins. Co*, v. *Brower*, 204 Va, 887. Contra, *Michigan Mut. Liab. Co.* v. *Pokerwinski*, 8 Mich. App. 475.)

Accordingly, the order appealed from should be reversed, on the law, and the stay denied with costs and disbursements to the appellant.

EAGER, J. P., TILZER, NUNEZ and MACKEN, JJ., concur.

Order and judgment (one paper) entered on May 24, 1968, unanimously reversed, on the law, with $30 costs and disbursements to the appellants, and the stay of arbitration denied.