Milton Albert, J.
By chapter 189 of the Laws of 1969, the Legislature created the New York property and liability insurance security fund. This chapter was added to the Insurance *403 Law as section 334. The section was amended by chapter 1020 of the Laws of 1971, to change the contribution rate. The amendment was effective July 2, 1971.
By this section, a fund was created to be used for the payment of allowed claims which remained unpaid by reason of insolvency of an authorized insurer. Contributions to the fund were to be determined on the basis of net direct written premiums of certain policies and at the rate as provided in the statute (Insurance Law, § 334). Chapter 1020 of the Laws of 1971, also added section 556 to the Insurance Law, which imposed a supplemental premium tax on domestic insurance companies authorized to transact the kind of business as described in subdivision 2 of section 334.
Claimant is a co-operative fire insurance company licensed pursuant to the provisions of article XI-B of the Insurance Law. Claimant has paid, under protest and by reason of the penalty provisions, the contributions required by section 334 and the tax required by section 556.
Claimant has filed a claim seeking a refund of the contributions paid under protest on the grounds that under provisions of article XI-B of the Insurance Law — particularly sections 360 and 392 — claimant is not liable for the contributions required by section 334 and the tax assessed by section 556 of the Insurance Law.
Claimant alleges that no questions of fact exist and only a question of law is before the court and moves for summary judgment.
The State, likewise agrees that no question of fact exists. The State contends, however, that although section 392 of article XI-B of the Insurance Law does not specifically subject claimant to the contribution provisions of section 334 or the tax imposed by section 556, the enactment of sections 334 and 556 subsequent to the enactment of article XI-B control and that, accordingly, claimant is subject to sections 334 and 556. The State, therefore, cross-moves to dismiss the claim in toto and further moves to dismiss the first and fifth causes of action as not timely filed.
The memorandum of the State Executive Department filed in support of chapter 189 of the Laws of 1969 states that the new section 334 would be added "to provide protection for policyholders and claimants in all property-liability lines against loss due to the insolvency of an insurer.” This memorandum goes on to say: "Although few insurers doing business *404 in New York have become insolvent in the past thirty years, it is impossible to eliminate insolvencies altogether. Where insolvency occurs, however, the policyholder or claimant should not have to bear the loss. Legislation recognizing this principle has already been adopted with respect to life, workmen’s compensation and automobile liability insurance. This bill would extend such protection to policyholders in the other property-liability lines. The bill would make New York the only state to provide its residents with an effective guarantee against loss due to insurance company insolvency in all property liability lines.” (N. Y. State Legis. Ann., 1969, p 359-560.)
The Governor in his approval message stated: "the bill broadens the protection for policyholders and claimants against loss due to the insolvency of an insurer. As a result of vigorous regulation, insurer insolvencies are rare in this State. When they do occur, however, they deprive the policyholder of the very financial security that he paid his premiums to obtain. The impact on the individual can be catastrophic. The bill extends insolvency protection to policyholders and claimants in all lines of property and liability insurance. New York thus becomes the first state to guarantee its residents against loss due to insurance company insolvency in all property-liability lines.” (N. Y. State Legis. Ann., 1969, p 545-546.)
It is clear from the above that the intent of the Legislature was to extend the protection against insolvency loss to all holders of property risk policies regardless of the type of company that wrote the insurance. With respect to the latter concept, there is nothing in the legislation of 1969 and 1971 to indicate that policies written by co-operative insurance companies operating under article XI-B of the Insurance Law were not to be included within the protective device established by new section 334.
This is remedial legislation for protection of policyholders and as such should be construed to effectuate the benefits and protections intended (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 96).
The court’s conclusion as to the intent of the Legislature is buttressed by what the Legislature did in 1970 with respect to a bill (Senate No. 7042; Assembly No. 4538) which proposed to amend the 1969 law to exclude from its application assessment corporations licensed under article XI-B. That bill was hot enacted. If the Legislature intended in 1969 to exclude such corporations from the application of the 1969 law here *405 under consideration, it would appear to the court that such bill would have been enacted as clarifying and corrective legislation.[1] Furthermore, the court’s attention has been called to other general legislation — presumably applicable to co-operative insurance companies — which do not contain specific provisions of applicability to such companies (Insurance Law, § 40-d,[2] as added by L. 1970, ch 296; § 167-b, as added by L. 1969, ch 189 [the very 1969 chapter here involved]; art. IX-D, as added by L. 1948, ch 501).[3] Accordingly, it cannot be said that the Legislature has adhered to the pattern established years ago whereby new provisions of the Insurance Law are considered as applicable to article XI-B corporations only if an amendment is made to section 360 or section 392 of such article or only if such new provisions specifically and by precise language include such corporations within their purview.
Rules of statutory construction stress intent of the Legislature as primary and basic. It is permissible that legislation of general application may supersede prior inconsistent law without specifically so providing. Here, in the court’s view, is such a case. General legislation was devised by the State Executive Department, passed by both houses of the Legislature, and approved by the Governor which was designed to benefit and protect insurance policyholders generally. An explanatory sponsor’s memorandum and the Governor’s approval memorandum (both cited above) make this crystal clear. It is a well-established rule of statutory construction that an earlier session of the Legislature may not bind a later session — absent a special circumstance such as, for example, section 7 of article V of the New York State Constitution. Even though earlier sessions of the Legislature have provided a pattern for legislation affecting article XI-B corporations, there is no binding requirement that this court knows of which would require a subsequent session of the Legislature to follow such pattern in legislating with respect to such corporations. Rather, subsequent sessions, may, if they so desire, legislate generally and have laws so enacted by them be applicable to article XI-B corporations. This the court finds is what has occurred here. For statements of rules of statutory *406 construction applicable to the power of a session of the Legislature to repeal by implication and to supersede a law and pattern enacted at a prior session of the Legislature, the court directs attention to McKinney’s Consolidated Laws of New York (Book 1, Statutes, §§ 391, 392, 396, 398). While repeals by implication are not favored, an earlier statute may be found to have been repealed by a later one when there is such a conflict between them so that both may not be given effect. This is precisely what exists here. Later legislation of general application is in conflict with prior enactments relating to article XI-B corporations. Both cannot be given effect if the general legislation is to be applied to all policyholders — which was the clear intent of the 1969 law. It follows, therefore, that provisions of the 1969 and 1971 legislation must of necessity be construed to be applicable to policyholders of article XI-B corporations and to such corporations themselves. Thus, the restrictive pattern of sections 360 and 392 must give way in order that the 1969 and 1971 legislation may be made fully effective.
Another rule of statutory construction comes into play. This deals with construction of a statute by public officers charged with its administration and enforcement (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 129, p 275). It cannot be said here that the construction of the 1969, and following it the 1971 law, by the Insurance Department was unreasonable or irrational. A reading of the above-quoted 1969 memoranda of the State Executive Department and of the Governor furnish ample justification for the interpretation of general application adopted by the Insurance Department.
• Wisdom of legislation and alternative approaches for solution of problems is for the Legislature to determine and not for the courts. Accordingly, the court believes that arguments advanced by claimant here as to why the 1969 legislation was unnecessary for the protection of policyholders of article XI-B corporations, should be for the Legislature to determine and not for court construction. In this connection, as was noted above, the Legislature in 1970 did not enact a measure designed to effectuate the construction advanced by the claimant with respect to a law enacted in 1969, the previous year.
The claimant’s motion for summary judgment is denied and the State’s cross motion for dismissal of the claim is granted.
In view of the above disposition of the basic issue here, the *407 State’s motion to dismiss specified causes of action as not timely filed has become moot and requires no decision.

. The bill reached the Assembly calendar and was recommitted to committee.

. See Governor’s approval memo, N. Y. State Legis. Ann., 1970, p 489.

. See section 271 therein re broad definition of "persons” as applying to all insurers.