Bernard F. McCaffrey, J.
In this matter to stay arbitration the underlying issue to be resolved is whether, pursuant to section 334 of the New York State Insurance Law, an insured is precluded from making a claim under the provisions of the uninsured motorist’s protection clause when the other vehicles’s insurance company becomes insolvent.
Effective September 1, 1969, the Legislature created the New York Property and Liability Insurance Security Fund which, in effect, broadened the already existing New York Motor Vehicle Liability Security Fund (Insurance Law, § 333) to extend coverage protection against insolvency loss beyond automobile liability coverage to include all property risk coverages, such as, fire loss to premises. (Dutchess & Columbia Co-op. Ins. Co. v State of New York, 81 Misc 2d 402, affd 43 AD2d 769.) The fund is supported by assessments made *239 against solvent insurance carriers to underwrite claims made against insolvent insurance carriers.
It is undisputed that Resources Insurance Company was adjudicated insolvent and placed in liquidation on July 22, 1975, pursuant to order of the court.
The respondents rely on the authority of Matter of Travis v General Acc. Group (31 AD2d 20), and the case of Matter of Taub v MVAIC (31 AD2d 378) as authority for the respondents making uninsured motorist’s claims against respondent, Virginia Curry’s own carrier, State Wide Insurance Company, the petitioner herein.
These two cited cases stand for the proposition that the insolvency of a carrier is tantamount to a disclaimer or denial of coverage. The Travis case dealt with a carrier that had been adjudicated insolvent before the accident. In the Taub case the Appellate Division, First Department, adopted the holding of the Travis case and, in effect, stated that it was of no consequences whether the insolvency took place before or after the occurrence upon which the claim is based, stating in part: "Here, where the finding of insolvency was made after the accident, the insurance company is still unable to protect the rights of its insured to indemnification. Such factor brings this situation quite clearly within the scope and reasoning of the Travis decision.” (31 AD2d 378, 382, supra.)
It is the petitioner’s contention, even though New York courts have continued to rely upon the Travis and Taub decisions regarding the insolvency of insurance carriers, that the "situational environment” for insolvent carriers changed on September 1, 1969, which was approximately six months after the March 13, 1969 Taub decision, and almost a full year after the November 14, 1968 Travis decision.
The petitioner further contends that in both the Taub and Travis decisions the court predicated its decision on the inability of the insolvent carrier to protect the rights of the insured to indemnification, and this "situational environment” has changed in that the New York State Insurance Department, Liquidation Bureau, would provide a defense to an action brought against an insolvent carrier and pay any judgment where the carrier had a policy in effect at the time of the accident; and it is, therefore, their contention that the Travis and Taub cases no longer serve as the cornerstone for all post-1968 cases involving insolvent carriers.
Aside from the procedural deficiencies to which respondent *240 has objected, the court is unable to accept petitioner’s contention that "the situational environment for insolvent carriers changed on September 1, 1969”, subsequent to the determinations in Travis and Taub, so as to disqualify those cases as "automatic precedents for insolvent carrier matters”.
The enactment of section 334 of the Insurance Law did not have the effect of creating a fund out of which automobile liability claims might be paid when the insuring carrier has become insolvent. The fund had been in existence under section 333 of the Insurance Law at the time of the Travis and Taub decisions, although not referred to therein, and the effect of section 334 was merely to extend the availability of the fund to insurance claims other than those arising under automobile liability policies. Its enactment did not, therefore, have any bearing upon the validity of those determinations as authorities.
The uninsured motorist’s protection is brought into play only because the insolvent insurance company is not able to protect the rights of its insured.
In enacting sections 333 and 334 of the Insurance Law, the Legislature did not intend it to be an exclusive remedy, but rather an alternate remedy. It is solely for the insured to determine whether or not he wishes to avail himself of the uninsured motorist’s protection coverage for which he paid the petitioner a premium. Among those factors that may be considered by the insured are such items as the amount of potential recovery, the individual financial resources of the adverse vehicle owner, and whether he is concerned that the policy of the Liquidation Bureau is not to pay interest on judgments unless specifically directed by the court. Also, that the collection of such judgment would probably entail additional procedural steps, which would not apply if the judgment were obtained against a solvent carrier or individual.
Thus, the insolvency of Resources Insurance Company permits the respondents to elect to treat the matter as an uninsured motorist’s case, and the court further finds that, though the petitioner had ample opportunity to investigate the circumstances surrounding the claim, it submitted only unsubstantiated allegations that the operator may have insurance, which is not sufficient to order a trial of any preliminary issues.
Therefore, this purported motion to stay the arbitration demanded by the respondents, is denied.