Louis Van Den Essen, as Executor of Blanca Van Den Essen, Deceased, Respondent, v Motor Vehicle Accident Indemnification Corporation, Appellant.

Second Department, May 22, 1989

## APPEARANCES OF COUNSEL

*Evans, Orr, Pacelli, Norton & Laffan, P. C. (Seymour I. Yanofsky* of counsel), for appellant.

*Cronin & Currey (Lillian M. Cronin* of counsel), for respondent.

## OPINION OF THE COURT

MANGANO, J. P.

By legislation approved on July 11, 1979, and made effective on December 1, 1979 (L 1979, ch 665, §§ 2, 3, 11), various provisions of the Insurance Law and the Vehicle and Traffic Law were amended so as to raise the maximum mandatory insurance coverages contained therein. Among the provisions which were amended was Insurance Law § 5210 (Insurance Law former § 610). Specifically, that statute was amended by increasing the maximum amount one could recover from the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) where death was caused by a financially irresponsible motorist, upon entry of a judgment against such motorist, from $10,000 per person and $20,000 per accident to $50,000 per person and $100,000 per accident.

The question to be resolved on the instant appeal is whether MVAIC's liability under Insurance Law § 5210 is limited to the former maximum of $10,000, or is governed by the new maximum of $50,000. In our view, MVAIC's liability in the instant proceeding is governed by the new maximum of $50,000.

### I

In the early evening hours of September 18, 1979, Blanca Van Den Essen was struck by an automobile, which was operated by Hardy Fisher, Jr., and owned by Fannie M. Beeks and John Brown, Jr. Mrs. Van Den Essen died later that evening. The decedent's son, the petitioner herein, Louis Van Den Essen, qualified for letters testamentary and is acting as the executor of the decedent's estate.

Within 90 days of the accident, petitioner sent a notice to MVAIC, pursuant to Insurance Law § 5208 (Insurance Law former § 608), informing it of his intention to make a claim. On September 9, 1981, a negligence action was commenced by the decedent's son, as plaintiff, against Fisher, Beeks and Brown, as defendants. On January 7, 1983, MVAIC appeared and answered on behalf of the defendants. The action then proceeded to trial. On August 18, 1986, a judgment was entered in favor of the decedent's son as executor and against the defendants in the principal amounts of $4,465.50 and $25,000 for wrongful death and conscious pain and suffering, respectively, together with interest and costs for a sum total of $33,819.60.

In March 1987, the petitioner moved pursuant to Insurance Law § 5210, for an order directing the respondent MVAIC to pay the aforementioned judgment in its entirety, on the ground that the maximum amount of MVAIC's liability under the statute (Insurance Law § 5210) had been raised from $10,000 to $50,000, pursuant to the 1979 amendments. MVAIC cross-moved for declaration that its maximum liability under the statute was only $10,000. Specifically, MVAIC argued that (1) the accident herein occurred on September 18, 1979, before the December 1, 1979 effective date of the amendment to Insurance Law § 5210, (2) its maximum liability was therefore only $10,000, the statutory limit in effect at the time of the accident, and not $50,000, as claimed by the petitioner, and (3) the petitioner's theory, if accepted, would result in a retroactive application of the statute in contravention of the Legislature's intent.

The Supreme Court, Suffolk County, held in favor of the petitioner and against MVAIC, stating in pertinent part:

"By the laws of 1979, Chapter 665 Insurance Law Section 610 (now 5210) was amended to increase the maximum amount payable by MVAIC on account of death from $10,000.00 to $50,000.00. Said amendment was effective December 1, 1979. The underlying judgment herein was entered on August 18, 1986.

"MVAIC argues that since the date of death preceded the effective date of the amendment increasing the limit from $10,000.00 to $50,000.00, the $10,000.00 limit should apply.

"Petitioner contends that the date of entry of the underlying judgment should control and that accordingly the $50,000.00 limit applies. The Court agrees.

"The Court notes that Insurance Law Section 5210 precludes an application to the Court for payment until recovery of '. . . a final judgment'.

"Accordingly, respondent, MVAIC is directed to pay petitioner the sum of $33,819.60 together with interest from August 18, 1986 until the date of payment".

## II

The Legislature provided that the instant legislation, which amended various provisions of the Insurance Law and the Vehicle and Traffic Law (L 1979, ch 665), would take effect on December 1, 1979, and would "apply to any policy of motor vehicle liability insurance providing bodily injury, property

damage or physical damage coverages issued, modified, renewed or having an anniversary date after such effective date" (L 1979, ch 665, § 11).

We agree with the dissent that it was the Legislature's intent that these amendments, including the amendment of Insurance Law § 5210, be applied prospectively only *(see, Matter of Deutsch v Catherwood,* 31 NY2d 487; *O'Connor v Long Is. R. R.,* 63 AD2d 1015, *lv dismissed* 48 NY2d 668; *Matter of Pauletti v Freeport Union Free School Dist. No. 9,* 59 AD2d 556, *affd* 44 NY2d 398). However, we are of the view that the subject amendment of Insurance Law § 5210 need not be applied retroactively in order for the petitioner to prevail.

There is nothing in the language of the subject legislation to indicate that the effective date thereof, i.e., December 1, 1979, revolves around the date of accident or death. The effective date of the subject legislation is simply set forth as December 1, 1979, and the legislation merely provides that the new law applies to "any policy of motor vehicle liability insurance issued, modified, renewed or having an anniversary date after such effective date". However, in the case at bar, neither the decedent nor the defendants in the underlying negligence action, had an insurance policy. Under these circumstances, we must look to the language of Insurance Law § 5210 for guidance. That statute provides as follows:

"§ 5210. Application for payment of judgment

"(a) When any qualified person who has complied with all the applicable requirements of this article recovers a final judgment in a court against a financially irresponsible motorist, for injury to, or death of, any person arising out of the ownership, maintenance or use of the uninsured motor vehicle in this state, which remains unpaid, and all appeals have been concluded or the time for commencing them has expired, the judgment creditor may file a verified petition in the court in which the judgment was entered and, upon ten days' written notice to the corporation apply to the court for an order directing payment by the corporation of the amount unpaid on the judgment". Clearly, Insurance Law § 5210 requires that a judgment be obtained by a qualified person against a financially irresponsible motorist before a verified petition can be filed against MVAIC and before an application can be made for an order directing MVAIC to pay the amount of its statutory liability *(Cudahy v MVAIC,* 36 AD2d 717).

In a similar vein Insurance Law § 5218, which was also

amended by the legislation in question, requires a qualified person to apply for a court order before an action can be commenced against MVAIC to recover damages caused by a hit-and-run driver. In *Creswell v Doe* (22 AD2d 942), this court held that "this condition precedent was in effect a statutory prohibition which * * * stayed the commencement of the action from * * * the date of accident and death, until * * * the date when leave to sue was first obtained".

Under these circumstances, it is our view that the Legislature intended that the 1979 amendment to Insurance Law § 5210 would apply whenever a final judgment was recovered by a qualified person against a financially irresponsible motorist on or after December 1, 1979.

The dissent argues, in reliance on *Matter of Thompson v MVAIC* (57 AD2d 713, *affd* 44 NY2d 765), that it is "clear that the * * * operative date for determining the maximum amount of MVAIC's liability is the date on which the accident occurred, which in this case was before the effective date of the amendment". In addition, the dissent argues that our holding requires a "disjointed reading of Laws of 1979 (ch 665) and would be in direct contradiction of section 11 of that statute".

We disagree with the dissent's arguments.

A review of *Matter of Thompson v MVAIC (supra),* indicates that it is inapposite to the issue raised at bar. That case simply held that pursuant to Insurance Law § 5208 (Insurance Law former § 608), notice had to be given to MVAIC within 90 days of accrual of the cause of action, i.e., the date of the accident, and that any application to file a late notice of claim had to be made within one year of the date of the accident. Further, we are of the view that our holding is mandated by the express language of Insurance Law § 5210 and that any remedy in this area must come from the Legislature and not the courts.

### III

In conclusion, since the petitioner obtained a final judgment against the financially irresponsible motorists on August 18, 1986, i.e., after December 1, 1979, he is entitled to recover the full amount of the judgment, $33,819.60 (Insurance Law § 5210). Accordingly, the order appealed from is affirmed.

BROWN, J. (dissenting). The legislation at issue in this case

amended, *inter alia,* the then Motor Vehicle Accident Indemnification Corporation Law (Insurance Law former § 600 *et seq.),* to raise the maximum amount of MVAIC's liability for the payment of claims and benefits to the estates of persons killed by the acts of financially irresponsible motorists from $10,000 to $50,000 per person (L 1979, ch 665, §§ 2, 3). By its terms, the legislation became effective on December 1, 1979, and provided that it "shall apply to any policy of motor vehicle liability insurance providing bodily injury, property damage or physical damage coverages issued, modified, renewed or having an anniversary date after such effective date" (L 1979, ch 665, § 11). This statement represents a clear indication of the Legislature's intent that the legislation be applied prospectively only *(see, Matter of Deutsch v Catherwood,* 31 NY2d 487). Thus, it should not be applied retroactively *(see, O'Connor v Long Is. R. R.,* 63 AD2d 1015, *lv dismissed* 48 NY2d 668; *Matter of Pauletti v Freeport Union Free School Dist. No. 9,* 59 AD2d 556, *affd* 44 NY2d 398). The majority, while in agreement with the fact that the legislation should not be applied retroactively, is of the view that it need not be so applied in order for the petitioner to prevail because the operative date under Insurance Law § 5210 (former § 610) is the date the final judgment was rendered, i.e., August 18, 1986. I cannot agree.

The 1979 amendment to Insurance Law § 5210 was part of a comprehensive legislative scheme which increased minimum insurance coverage in motor vehicle accident cases resulting in death from $10,000 to $50,000. It should be interpreted in that context and not in a vacuum *(see, Matter of Allstate Ins. Co. v Shaw,* 52 NY2d 818, 820; *Matter of Taub [MVAIC],* 31 AD2d 378, 381). Although a final judgment clearly must be rendered against a financially irresponsible motorist before redress can be sought from MVAIC under Insurance Law § 5210 (former § 610) *(see, Cudahy v MVAIC,* 36 AD2d 717), it is equally clear that the Legislature intended that the operative date for determining the maximum amount of MVAIC's liability is the date on which the accident occurred, which in this case was before the effective date of the amendment *(see, Matter of Thompson v MVAIC,* 57 AD2d 713, *affd* 44 NY2d 765 [a cause of action under Insurance Law article 52 accrues on the date of the accident]). To interpret the amendment in any other fashion would require a disjointed reading of Laws of 1979 (ch 665) and would be in direct contradiction of section 11 of that statute as set forth above. For example, if the

majority holding were to be accepted, we could be faced with the anomalous and clearly unintended result that an individual could recover more from MVAIC than would be recoverable by him from his own insurer or the insurer of a financially responsible motorist. This is a direct consequence of the incongruent position taken by the majority that the effective date for determining an insured's liability vis-à-vis his policy is the date of the accident, while the effective date for determining MVAIC's liability is the date the final judgment is entered. Similarly, if we were to apply the majority's reasoning to Insurance Law article 52, which provides for a procedure whereby a claim against an irresponsible motorist may be settled by MVAIC (see, Insurance Law § 5206 [d]), then, if a quick settlement had been reached in the instant case, that is, before December 1, 1979, the maximum authorized settlement would be $10,000. In contrast, if the settlement date had been delayed beyond December 1, 1979, then the amount recoverable could have reached $50,000. And, under the majority's view, if a jury awarded a plaintiff damages in excess of $10,000 prior to December 1, 1979, the plaintiff could wait until after that date to enter his judgment, and thereby obtain the benefit of the increased maximum limitation. I do not believe that the Legislature intended such results. It seems clear to me that the Legislature intended simply to provide for the increased minimum coverage with respect to accidents resulting in death and occurring after the effective date of amendment.

Under the circumstances, I vote to reverse and grant the petition to the extent that MVAIC be directed to pay to the petitioner the sum of $10,000, plus interest from August 18, 1986, the date the unpaid judgment was entered (see, Matter of Moore v MVAIC, 18 AD2d 1006).

SULLIVAN and HARWOOD, JJ., concur with MANGANO, J. P.; BROWN, J., dissents in an opinion.

Ordered that the order of the Supreme Court, Suffolk County, entered June 24, 1987, is affirmed, without costs or disbursements.