■ In the Matter of EAGLE INSURANCE COMPANY, Appellant, v DANIEL ST. JULIAN et al., Respondents. NEW YORK MERCHANT BAKERS INSURANCE COMPANY et al., Proposed Additional Respondents. [747 NYS2d 773]

On or about October 29, 1996, Daniel St. Julian and Marie St. Julian (hereinafter the respondents), who were insured by the petitioner, Eagle Insurance Company (hereinafter Eagle), allegedly suffered injuries in a collision with a vehicle owned by Brighton Bus Services, Inc. (hereinafter Brighton Bus), whose vehicle was insured by New York Merchant Bakers Insurance Company (hereinafter New York Merchant). By order dated January 14, 1998, New York Merchant was declared insolvent and was placed into liquidation pursuant to Insurance Law article 74. Although the respondents subsequently settled their personal injury action against Brighton Bus and its driver with the Property/Casualty Insurance Security Fund and the Public Motor Vehicle Liability Security Fund (hereinafter the Security Funds), the stipulations of settlement were vacated, apparently because of the Security Funds' delay in making payment. The respondents then served Eagle with a demand for arbitration of their claim for uninsured motorist benefits. As a result, Eagle commenced this proceeding to stay arbitration of the respondents' claim, asserting that the Brighton Bus vehicle was not an uninsured vehicle because the respondents could recover from the Security Funds upon New York Merchant's insolvency. The Supreme Court denied the petition. We reverse and grant the petition.

As Eagle notes, and the respondents correctly concede, in *State-Wide Ins. Co. v Curry* (43 NY2d 298), the Court of Appeals held that where insolvency renders an insurer incapable of satisfying its insurance obligations to a tortfeasor, the tort victim is not entitled to receive uninsured motorist benefits from his or her own insurer (*id.* at 302-303; *see Matter of Bailey v Motor Veh. Acc. Indem. Corp.,* 67 AD2d 707; Insurance Law § 3420 [f] [1]). Here, the respondents presented no evidence that the Security Funds are insolvent or would not have paid the amounts for which they settled their claims against them. Finally, we note that the record contains no evidence that the respondents had purchased supplementary uninsured/ underinsured motorists coverage from Eagle (*cf. Matter of American Mfrs. Mut. Ins. Co. v Morgan,* 296 AD2d 491). Florio, J.P., S. Miller, Crane and Mastro, JJ., concur.