In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, which had been granted by a judgment of the Supreme Court, Nassau County (Trainor, J.H.O.), dated August 1, 2000, Mahendra Persaud appeals from an order of the same court (Bucaria, J.) dated February 10, 2003, which denied his motion for leave to renew.
Ordered that the order is affirmed, with costs.
In a proceeding to stay arbitration of an uninsured motorist claim, the Supreme Court properly denied the appellant’s mo *357 tion for leave to renew. After entry of a final judgment, a motion for leave to renew pursuant to CPLR 2221 (e) (2) based upon “a change in the law that would change the prior determination” must be made, absent circumstances set forth in CPLR 5015, before the time to appeal the final judgment has expired (see Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist., 278 AD2d 364, 365-366 [2000]). The appellant’s motion was made after judgment was entered and it is undisputed that the time to appeal had expired. Thus, it was untimely.
In any event, the Supreme Court properly determined that this proceeding is distinguishable from, and therefore not governed by, the holding in Matter of American Mfrs. Mut. Ins. Co. v Morgan (296 AD2d 491 [2002]). In Morgan, this Court held that under the expanded definition of an uninsured motor vehicle contained in the Supplementary Uninsured/ Underinsured Motorists (hereinafter SUM) coverage purchased by the insured in that proceeding, the insolvency of the offending vehicle’s insurer rendered the offending vehicle uninsured, thereby allowing arbitration of the insured’s claim for damages (see Matter of American Mfrs. Mut. Ins. Co. v Morgan, supra at 493-494). In the proceeding at bar, the appellant failed to submit any evidence in support of his motion for leave to renew establishing that SUM coverage existed for the vehicle he was driving (see Matter of Eagle Ins. Co. v St. Julian, 297 AD2d 737, 738 [2002]).
The appellant’s remaining contentions are without merit. Ritter, J.E, Krausman, Schmidt and Crane, JJ., concur.