OPINION OF THE COURT
Lucy Billings, J.
Plaintiff seeks relief pursuant to Insurance Law § 5201 (b) (6) and § 5206 (e) to join the Motor Vehicle Accident Indemnification Corporation (MVAIC) in this action against an uninsured owner of a motor vehicle that plaintiff claims injured him on July 22, 1998, or to sue MVAIC directly on that claim. The relief sought requires the court to determine an issue not squarely addressed before: whether an owner or operator of a motor vehicle involved in a collision is a “financially irresponsible motorist” requiring MVAIC’s defense and potential indemnification (Insurance Law § 5202 [j]; § 5206 [e]), where the vehicle is insured by a domestic insurer that becomes insolvent after the collision.
I. Undisputed Facts
On July 22, 1998, plaintiff, a minor, was a passenger in a motor vehicle owned by defendant Santos and operated by defendant Guzman, which struck a motor vehicle owned by defendant Ortega and operated by defendant Bruno. On August 5, 1998, plaintiffs attorney mailed to MVAIC a notice of intention to make claim against MVAIC for damages from that collision. MVAIC received that notice, but the notice did not indicate that either Santos’s vehicle or Ortega’s vehicle was uninsured. Instead, the notice listed Reliance Insurance Company and Allstate Insurance Company as the insurers of Santos’s vehicle and Ortega’s vehicle, respectively.
On March 8, 1999, plaintiffs attorney received a notice from Allstate Insurance that it never had an insurance policy in effect covering Ortega’s vehicle. Until this motion, however, plaintiff never notified MVAIC that Allstate Insurance denied coverage of that vehicle.
After plaintiff sought coverage from Reliance Insurance Company, his attorney received a copy of a notice, dated May 1, 2002, to Santos and Guzman from the State of New York Insurance Department Liquidation Bureau. The notice stated first that Reliance Insurance was insolvent and in liquidation, and as of December 14, 2001, the New York State Superintendent of Insurance was appointed Ancillary Receiver of Reliance Insurance in New York. Upon review of plaintiffs claim, the notice further stated that the claim was covered by the New York Public Motor Vehicle Liability Security (PMV) Fund, but that:
*833 “At this time, the PMV Fund is unable to provide either a defense to or indemnification of this claim insofar as the PMV Fund is financially strained . . . Thus you are responsible for the payment of any . . . costs and expenses relating to this claim.
“Reasonable and necessary costs and expenses you are required to pay as a result of this claim may be submitted to the Liquidation Bureau upon the claims resolution.
“Please note that the ancillary receivership order stays all actions against the policyholders of Reliance for a period of 180 days” (affidavit of Claire M. Garcia, exhibit 5).
Thus, plaintiff was precluded from seeking relief from Santos’s insurer or the Liquidation Bureau as of May 1, 2002, until at least June 12, 2002, 180 days after the ancillary receivership order, and until the claims resolution.
II. Relief against MVAIC Based on Ortega’s Lack of Insurance
Plaintiff is not entitled to seek relief against MVAIC based on the lack of insurance coverage for Ortega’s vehicle because plaintiff failed to notify MVAIC that that vehicle was uninsured within 180 days after March 8, 1999, when his attorney received notice that the vehicle was not insured by Allstate Insurance. (Insurance Law § 5208 [a] [1], [3]; Matter of McCray v Motor Veh. Acc. Indem. Corp., 232 AD2d 948, 949 [3d Dept 1995]; Matter of Wilcox v Motor Veh. Acc. Indem. Corp., 187 AD2d 909, 910-911 [3d Dept 1992]; see Matter of Travelers Ins. Co. v Morzello, 221 AD2d 291, 292 [1st Dept 1995]; Matter of Vil v Motor Veh. Acc. Indem. Corp., 304 AD2d 588 [2d Dept 2003].) As a result, MVAIC was prevented from investigating and perhaps challenging the validity of that denial.
III. Whether Santos is Uninsured Such That Plaintiff May Seek Relief against MVAIC
A “financially irresponsible motorist” requiring MVAIC’s defense and potential indemnification (Insurance Law § 5202 [j]; § 5206 [e]) includes the owner or operator “of an uninsured motor vehicle” involved in a collision causing personal injury, “who did not have in effect at the time” of the collision (Insurance Law § 5202 [j] [emphasis added]) a “collectible policy of . . . liability insurance or bond with applicable limits.” (Insurance Law § 5202 [j] [1] [emphasis added]). An “uninsured motor vehicle” (Insurance Law § 5202 [d]) means a motor vehicle other than an “insured motor vehicle,” which is one for which *834 the owner maintains “proof of financial security.” (Insurance Law § 5202 [c]; e.g., Morris v Progressive Cas. Ins. Co., Inc., 662 F Supp 1489, 1493 [SD NY 1987].) “Proof of financial security” means “ability to respond in damages for liability arising out of the ownership, maintenance or use of a motor vehicle as evidenced by an owner’s policy of liability insurance” (Vehicle and Traffic Law § 311 [3] [emphasis added]), which is a policy “[a]/fording coverage” at a minimum level prescribed by regulations. (Vehicle and Traffic Law § 311 [4] [a] [emphasis added].)
Santos did have a policy of liability insurance from Reliance Insurance “in effect at the time” his vehicle was involved in the collision causing plaintiff injury. (Insurance Law § 5202 [j].) Two further, related issues, however, remain.
A. Collectibility
First, even though Reliance Insurance was not judicially declared insolvent until after the collision, was the policy uncollectible earlier, at the time of the collision? The factual record currently sheds no light on this issue.
Second, is a policy’s collectibility, like the effectiveness, actually to be determined as of the time of the collision? Interpretation of Insurance Law § 5202 (j) (1) begins with the statute’s literal language, which if unambiguous, limits the court’s interpretation to giving that language “its natural and most obvious sense.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 94; People v Bolson, 185 Misc 2d 753, 754 [Sup Ct, Queens County 2000], affd 284 AD2d 340 [2d Dept 2001]; Commissioners of State Ins. Fund v Brooklyn Barber Beauty Equip. Co., 191 Misc 2d 1, 4 [Civ Ct, NY County 2001]; see Matter of Drew v Schenectady County, 88 NY2d 242, 246 [1996]; Ball v Allstate Ins. Co., 81 NY2d 22, 25 [1993]; Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 565 [1984]; see also Statutes § 76; Matter of King v Cuomo, 81 NY2d 247, 253 [1993].) Ordinarily, a claimant does not seek to collect a liability insurance policy’s proceeds at the precise time of the injury for which he seeks compensation. In fact, it is virtually impossible to conceive of such a situation, particularly since liability for the injury will not be determined until later. (Van Den Essen v Motor Veh. Acc. Indem. Corp., 147 AD2d 136, 140 [2d Dept 1989].)
Construing collectibility as referring to a time after the injury, moreover, is consistent with judicial application of a “collectible” insurance policy in other contexts. Although a policy was valid and in effect at the time of the injury for which compensa *835 tion is sought, it is not “valid and collectible” where and to the extent the insurer later becomes insolvent. (See Ambassador Assoc. v Corcoran, 168 AD2d 281, 282 [1st Dept 1990], affd 79 NY2d 871 [1992]; Pergament Distribs. v Old Republic Ins. Co., 128 AD2d 760, 761 [2d Dept 1987].) Moreover, consistent with the ordinary sequence of events set forth above, the operative date for determining MVAIC’s liability based on the lack of a collectible policy is after the date the collision occurred. (E.g., Van Den Essen v Motor Veh. Acc. Indem. Corp., 147 AD2d at 140.)
This construction is also consistent with the definition of an “uninsured motor vehicle.” (Insurance Law § 5202 [d], [j].) Even if Santos had a liability insurance policy in effect for his vehicle, if the policy did not provide an “ability to respond in damages for liability arising out of’ the vehicle’s ownership or use (Vehicle and Traffic Law § 311 [3] [emphasis added]), or “[a]fford[ ] coverage” at the prescribed level (Vehicle and Traffic Law § 311 [4] [emphasis added]), then his vehicle is “uninsured.” (Insurance Law § 5202 [d], Q].)
Certainly if, upon further development of the record, the facts establish that Santos’s Reliance Insurance policy was uncollectible at the time of the collision, then, absent other recourse available to plaintiff, Santos would be a “financially irresponsible motorist” requiring MVAIC’s defense and potential indemnification. (Insurance Law § 5202 |j]; § 5206 [e].) According to the principles outlined, however, the court would reach the same result if the policy later became uncollectible, preventing an ability to respond in damages and failing to afford coverage. (Vehicle and Traffic Law § 311 [3], [4].)
B. Other Available Recourse
Assuming the policy is uncollectible, the remaining questions concern the availability to plaintiff of other recourse. (1) Does the State Liquidation Bureau’s notice of May 1, 2002 constitute a disclaimer of liability or denial of coverage by the insurer, triggering MVAIC’s coverage? (Insurance Law § 5201 [b] [6].) (2) If not, has the Liquidation Bureau subsequently disclaimed or denied coverage? (3) In the event of such a denial, when did plaintiff notify MVAIC of the Liquidation Bureau’s action? (Insurance Law § 5208 [a] [3].)
An insurer’s insolvency, in itself, does not render the insurer’s policy uncollectible or the insured a “financially irresponsible motorist.” (Insurance Law § 5202 [j]; § 5206 [e]; see State-Wide Ins. Co. v Curry, 43 NY2d 298, 303 [1977]; Matter of Eagle Ins. *836 Co. v St. Julian, 297 AD2d 737, 738 [2d Dept 2002]; Matter of American Mfrs. Mut. Ins. Co. v Morgan, 296 AD2d 491, 492-493 [2d Dept 2002].) While the insurer became insolvent after the collision involving Santos’s vehicle and plaintiff as a passenger, Santos’s insurance policy survived, and the PMV Fund assumed the policy obligations owed to the insured to cover his liability to plaintiff. (Matter of Union Indem. Ins. Co. of N.Y., 92 NY2d 107, 113, 127 [1998]; State-Wide Ins. Co. v Curry, 43 NY2d at 303; Matter of Eagle Ins. Co. v Hamilton, 16 AD3d 498, 501 [2d Dept 2005].) The PMV Fund provides coverage for injured parties’ allowed claims that remain unpaid due to an insurer’s insolvency. (Insurance Law § 7604 [a].) As long as Santos’s insurer, Reliance Insurance, paid into the PMV Fund (Insurance Law § 7604 [b]), plaintiffs recourse is against the PMV Fund via the State Superintendent of Insurance. (Insurance Law § 7607 [a]; § 7608.)
MVAIC is a remedy of final resort, not an alternative remedy. Plaintiff may not choose between the PMV Fund and MVAIC. The statutory authorization for MVAIC presupposes that no other coverage is available to compensate plaintiff. As long as he may resort to the PMV Fund, he does not need MVAIC for protection. (Matter of Union Indem. Ins. Co. of N.Y., 92 NY2d at 113, 127; State-Wide Ins. Co. v Curry, 43 NY2d at 302-303; Eagle Ins. Co. v St. Julian, 297 AD2d at 738.)
If the PMV Fund denies plaintiff recovery, however, then MVAIC is his only remaining remedy. (State-Wide Ins. Co. v Curry, 43 NY2d at 304.) Although Reliance Insurance insured Santos’s vehicle when plaintiff was injured, so that plaintiff may not avail himself of MVAIC’s coverage via Insurance Law § 5201 (b) (3), and Reliance Insurance never disclaimed or denied coverage (Insurance Law § 5201 [b] [6]; State-Wide Ins. Co. v Curry, 43 NY2d at 303), the fund that now stands in Reliance’s place may have denied coverage. The statutes authorizing MVAIC’s defense and indemnification are to be “liberally applied” to accomplish their purpose: to “close gaps” in assuring compensation to innocent victims of motor vehicle collisions. (State-Wide Ins. Co. v Curry, 43 NY2d at 303; see Matter of Allstate Ins. Co. v Killakey, 78 NY2d 325, 328 [1991].) To construe Insurance Law § 5202 (j) and § 5206 (e) narrowly, to exclude the PMV Fund’s denial of coverage, making the policy in effect for Santos’s vehicle uncollectible, would frustrate the legislative intent. (See Insurance Law § 5202 [j]; State-Wide Ins. Co. v Curry, 43 NY2d at 303.)
*837 The purpose of the statutory scheme requiring insurers to provide coverage to their insureds when injured by uninsured motor vehicles (Insurance Law § 3420 [f] [1]) is comparable: to provide coverage “to insured persons who suffer automobile accident injuries at the hands of financially irresponsible motorists.” (Matter of Liberty Mut. Ins. Co. [Hogan], 82 NY2d 57, 61 [1993] [emphasis added]; Matter of Federal Ins. Co. v Watnick, 80 NY2d 539, 542-543 [1992]; Rowell v Utica Mut. Ins. Co., 77 NY2d 636, 640 [1991]; Matter of Country-Wide Ins. Co. v Wagoner, 45 NY2d 581, 586 [1978].) The difference here is that the MVAIC statutory scheme is to provide coverage to an uninsured person, a passenger of the vehicle against which plaintiff claims, rather than the occupant of another vehicle carrying its own uninsured motorist (UM) coverage under section 3420 (f) (1). If the PMV Fund’s denial of coverage to a person with UM coverage under section 3420 (f) (1) may trigger the UM coverage, then the very same denial by the PMV Fund may trigger MVAIC coverage, just as Reliance’s own denial would have. (Insurance Law § 5201 [b] [6]; Eagle Ins. Co. v Hamilton, 16 AD3d at 503; American Mfrs. Mut. Ins. Co. v Morgan, 296 AD2d at 494; see Allstate Ins. Co. v Killakey, 78 NY2d at 328; Morris v Progressive Cas. Ins. Co., 662 F Supp at 1492.)
III. Disposition
Consequently, plaintiff shall serve a supplemental motion, comparable to this motion against MVAIC, and this order with notice of entry, on the Superintendent of the New York State Insurance Department, in his capacity as the administrator of the New York Public Motor Vehicle Liability Security Fund, within 20 days after service of this order with notice of entry on or by plaintiff. The court orders a hearing on when Santos’s Reliance Insurance policy became uncollectible; whether the State Liquidation Bureau has denied coverage of plaintiff’s claim; and, if so, when plaintiff notified MVAIC of the Liquidation Bureau’s action.
After the hearing, the court will determine the relief to which plaintiff is entitled against MVAIC.