■ DUTCHESS & COLUMBIA COOPERATIVE INSURANCE COMPANY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 57218.) — Appeal from an order of the Court of Claims, entered April 10, 1973, granting a motion to dismiss the claim. Claimant is an assessment co-operative fire insurance company organized and licensed pursuant to article 11-B of the Insurance Law (Insurance Law[1], §§ 360–392). Claimant seeks a refund of contributions paid under protest to the New York Property and Liability Insurance Security Fund pursuant to section 334 (enacted by L. 1969, ch. 189, § 3) and of premium taxes paid under protest pursuant to section 556 (enacted by L. 1971, ch. 1020, § 5). The fund created by section 334 is for the purpose of paying valid claims which remain unpaid as the result of the insolvency of an authorized insurer under policies covering risks enumerated therein, which includes fire insurance policies. Section 556 applies to "every domestic insurance corporation authorized to transact the kinds of business described in subdivision two of section three hundred thirty-four", and the manner in which this case has been argued makes it clear that the applicability of section 556 is directly dependent upon the applicability of section 334. The problem arises because section 334, which contains no exceptions and on its face applies to all companies issuing the kinds of insurance enumerated therein, is not mentioned in section 392 (formerly section 391). Section 360, which defines the scope of article 11-B, declares that all insurers such as claimant which exist by virtue of its provisions "are made subject to the provisions of this article and not to any other provisions of this chapter except as provided in section three hundred ninety-one" (now section 392). It is thus urged that an amendment to section 392 is required before the provisions in question can become applicable to assessment co-operative fire insurance companies. The learned Judge of the Court of Claims, in a well-reasoned application of the rules of statutory construction, concluded that the provisions in question are applicable. We agree. While the claimant invokes rules of construction such as that requiring that a statute of general import must

---

1. Unless otherwise stated, all references are to the provisions of the Insurance Law.

yield tó a special statute when the two are in conflict, such rules can serve only as a guide and cannot control where the result would be contrary to the intent of the Legislature. An examination of past and present law reveals that intent in the present case. Article 11-B was enacted in the Insurance Law of 1939, the scheme of which was to regulate the insurance field by the kind of company involved. More recently, however, the practice of the Legislature has been to regulate insurance by the type of risk to be covered rather than by the nature of the company. Sections 334 and 556, which are applicable to "all of the kinds of insurance specified" therein, are only two examples of this approach (see also, e.g., Insurance Law, § 175). Where it has been intended to exclude specific types of *companies*, including assessment co-operative fire insurance companies, this has been done by use of specific exemptions (see, e.g., Insurance Law, § 187, subd. 1, par. [c]; § 652, subd. 1). We would have to conclude that reliance upon section 392 as a pattern of regulation has been abandoned, and we are buttressed in this conclusion by observing that section 360 has never been brought up to date to reflect the fact that section 391 was renumbered to section 392 in 1948. This is not to say that section 392 is of no effect. However, in accord with the general principle that a session of the Legislature cannot declare in advance the effect subsequent legislation might have upon existing statutes, the prohibition in section 360 against applying provisions not mentioned in section 391 (now § 392) could not be used to include or exclude provisions which were not in existence at the time of the enactment of section 360. Thus, only such provisions as were enacted contemporaneously with section 360[2] would be inapplicable as a result of not being mentioned in section 392. In concluding that sections 334 and 556 are applicable we do not do so merely by examining other provisions of the Insurance Law, for legislative documents also support our view. In a "Memoradum of State Executive Department" submitted in support of chapter 189 of the Laws of 1969 (wherein section 334 was enacted), it was stated that section 334 would "provide protection for policyholders and claimants in all property-liability lines against loss due to the insolvency of an insurer. Future contributions by insurers to the Fund would be based on writings in the lines to which insolvency protection was being newly extended." (N. Y. Legis. Annual, 1969, p. 359.) In thus analyzing the operation of the proposed statute to types of insurance, no distinction was made between the different kinds of insurers. Similarly, in approving the bill, the Governor simply noted that "the bill extends insolvency protection to policyholders and claimants in all lines of property and liability insurance". (N. Y. Legis. Annual, 1969, pp. 545, 546.) In attempting to strengthen its argument that section 334 is inapplicable, claimant urges that policyholders of co-operative companies will receive no benefit from it because of the existence of section 541. That section provides for the judicial levying of assessments against members of a domestic mutual insurer in a case where such insurer has been ordered liquidated or rehabilitated and its assets are inadequate to satisfy claims; as part of article 16, it is made applicable to co-operative companies by section 392. Claimant's view could only be adopted upon a clear indication that the remedy set forth in section 541 was meant to be exclusive. We find no such expression, and in light of the drastic nature of the procedure adopted in 541, we are inclined to view it as an alternate remedy which should only be employed in a case of last resort. Moreover, there is nothing in the legislation governing mutual

---

2. All prior provisions were repealed upon the eactment of the 1939 law (former § 600, renumbered § 630 by L. 1958, ch. 759, § 1, now § 700).

companies (Insurance Law, § 316 *et seq.*) which would create a bar to the applicability of section 334, so there is no reason to conclude that section 541 was intended to preclude the operation of similar remedial provisions such as section 334 in the case of co-operative companies.   Order affirmed, without costs.   Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.