AP PROPANE, INC., Appellant, v JAMES R. SPERBECK et al., Respondents. (And Another Related Action.)

Third Department, April 26, 1990

### APPEARANCES OF COUNSEL

*Bohl, Clayton, Komar & Della Rocca, P. C. (John E. Dorfman* of counsel), for appellant.

*Ganz & Wolkenbreit (Deborah Marcanjano* and *Robert E. Ganz* of counsel), for respondents.

### OPINION OF THE COURT

LEVINE, J.

These appeals, consolidated for argument, concern enforcement of two agreements between the parties. In one case, plaintiff sues on a written contract executed April 1, 1986, under which plaintiff agreed to install a 500-gallon propane gas tank and related equipment and defendants agreed to purchase from plaintiff for a period of three years all of their liquid propane gas requirements at a Village of Richmondville, Schoharie County, location, with a minimum annual purchase of 5,000 gallons. The subject of the second action is a written contract executed April 21, 1986, under which plaintiff was to install a 2,500-gallon propane tank and related equipment, in exchange for the promise of the same defendants and one additional defendant to purchase all of their propane gas requirements for three years at a Village of Cobleskill, Schoharie County, location, with a minimum annual purchase of 20,000 gallons. Each agreement provided that, for the gas delivered, defendants would "pay rates and charges due under this agreement prevailing at the time of sale within the price territory established by [plaintiff]". Both contracts contained a liquidated damages clause providing that if defendants breached the agreement, damages would be fixed at the annual minimum gallon quantity set forth in the agreement.

In October 1987, defendants notified plaintiff that they were changing to a different supplier of propane gas and directed plaintiff to remove the tanks at the two locations. Plaintiff

then brought the instant breach of contract actions, seeking liquidated damages for the remaining portions of the three-year terms of the contracts. After joinder of issue, defendants moved to dismiss on two grounds: (1) that the contracts violated the Statute of Frauds, and (2) that the liquidated damages provisions of the contracts were unenforceable penalty clauses. Supreme Court granted defendants' motions, holding that the contracts violated the Statute of Frauds under General Obligations Law § 5-701 because a fixed price was omitted and, thus, the contracts did not contain a necessary material term thereof. The court did not reach the liquidated damages issue.

■ There should be a reversal. We assume, without deciding, that the subject contracts, which were not performable within one year, violated the Statute of Frauds contained in General Obligations Law § 5-701 because of the inadequacy of their price-setting provisions *(see, Taylor Co. v Fansteel Prods. Co.,* 234 App Div 548, 551, *affd* 261 NY 514)*. Nonetheless, the contracts are for the sale of goods and, under the Statute of Frauds provision of the Uniform Commercial Code (UCC 2-201 [1]), they meet the requirements for enforceability despite any deficiency in stating the price of the goods *(see, Horn Water-proofing Corp. v Horn Constr. Co.,* 104 AD2d 851, 853)*. There is, thus, a direct conflict in this case between the more general Statute of Frauds contained in General Obligations Law § 5-701 and that made particularly applicable to contracts for the sale of goods under UCC 2-201. In our view, the Statute of Frauds of the Uniform Commercial Code, under which the contracts herein are valid and enforceable, should control.

As recently pointed out by the Court of Appeals in *Fox Co. v Kaufman Org.* (74 NY2d 136, 140-141), New York has enacted several Statutes of Frauds with varying language and requirements, but each for the purpose of avoiding fraudulent enforcement of various kinds of contracts that were never actually made. The court explained the variations in requirements among the Statutes of Frauds as reflecting "the Legislature's perception regarding the risks of false claims inherent in the contractual setting" *(supra,* at 141). Notably, the court included as an example the different requirements for inclusion of a contractual term as to price under General Obligations Law § 5-701 and UCC 2-201. We think the clear implication of the holding in *Fox Co.* is that a contractual writing covering the sale of goods which is sufficient for enforceability under UCC 2-201 is valid despite its insufficiency under General

Obligations Law § 5-701. UCC 2-201 represents a legislative assessment that, in contracts for the sale of goods, inclusion of a written, definite price is not necessary to prevent false claims. In the light of the direct conflict between UCC 2-201 and the pre-UCC, more general Statute of Frauds relied upon by defendants, the latter is no longer applicable to the sale of goods, having been "displaced by [a] particular provision * * * of [the code]" (UCC 1-103). The latter provision and *Fox Co.* render inapposite the contrary holding in *Taylor Co. v Fansteel Prods. Co. (supra),* a case decided well before the enactment of the Uniform Commercial Code.

The foregoing result also conforms to the general principle of statutory construction that applicable specific enactments or provisions govern over a more general statute (McKinney's Cons Laws of NY, Book 1, Statutes § 238). We note also that applying UCC 2-201 where it conflicts or overlaps with more general Statutes of Frauds is consistent with the prevailing view in other jurisdictions *(see, H & W Indus. v Formosa Plastics Corp.,* 860 F2d 172, 180 [5th Cir]; *Roth Steel Prods. v Sharon Steel Corp.,* 705 F2d 134, 141-142 [6th Cir]; *Merwin v Ziebarth,* 252 NW2d 193 [ND]; 1 White and Summers, Uniform Commercial Code § 2-2, at 71 n 5 [3d ed]; *but see, Oskey Gasoline & Oil Co. v Continental Oil Co.,* 534 F2d 1281, 1284 [8th Cir]).

Defendants' alternative attack on the complaints, based on the invalidity of the liquidated damages clauses of the contracts, was also insufficient to warrant dismissal. Even if the clauses were unenforceable as constituting a penalty, plaintiff would be permitted to prove and recover its actual damages if it establishes that the contracts were breached *(see, National Telecanvass Assocs. v Smith,* 98 AD2d 796, 798). While the complaints' claims for liquidated damages would, if unenforceable, be subject to a motion to strike, resolution of the issue would better be deferred until plaintiff is afforded the opportunity, through discovery or otherwise, to develop and submit evidence showing that the liquidated damages bear a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation *(see, Truck Rent-A-Center v Puritan Farms 2nd,* 41 NY2d 420, 424-425).

MAHONEY, P. J., CASEY, WEISS and HARVEY, JJ., concur.

Orders reversed, on the law, without costs, and motions denied.