In the Matter of THOMAS A. CONSTANTINE, as Superintendent of the Division of State Police, Respondent, v DOUGLAS H. WHITE, as State Commissioner of Human Rights, Appellant.

Third Department, May 2, 1991

APPEARANCES OF COUNSEL

*Lawrence Kunin (Rosamond Prosterman* of counsel), for appellant.

*Glenn Valle* for respondent.

OPINION OF THE COURT

CASEY, J. P.

The controversy which resulted in this appeal focuses on the question as to which of two provisions of the Executive Law controls the hiring practices of the Division of State Police. Executive Law § 215 (3) provides, "No person shall be appointed to the New York state police force unless he shall be a

citizen of the United States, between the ages of twenty-one and twenty-nine years except that the superintendent, in his discretion, may extend the maximum age to thirty-five years." Pursuant to Executive Law § 296 (3-a) (a), it is an unlawful discriminatory practice "[f]or an employer * * * to refuse to hire or employ * * * an individual eighteen years of age or older * * * because of such individual's age". Petitioner, as the Superintendent of the State Police, commenced this proceeding, seeking CPLR article 78 and declaratory relief, after the State Division of Human Rights made determinations of probable cause based upon a number of complaints of age discrimination filed by unsuccessful applicants for positions with the State Police. Supreme Court dismissed the CPLR article 78 aspect of the proceeding and issued a judgment declaring, *inter alia,* that Executive Law § 215 (3) supersedes Executive Law § 296 (3-a) (a). Respondent appeals.

■ Respondent contends that declaratory relief is inappropriate in the circumstances of this case, arguing that there is no justiciable controversy and that the availability of administrative remedies precludes judicial intervention. Respondent's claim of the lack of a justiciable controversy is patently meritless. Petitioner asserts in his petition that the hiring practices of the State Police are controlled by Executive Law § 215 (3) and that the age discrimination provisions of the Human Rights Law, in particular Executive Law § 296 (3-a) (a), are not applicable to the State Police. In his answer, respondent "affirmatively asserts that the Commissioner has full authority to order Petitioner to comply with the provisions of the Executive Law prohibiting discrimination in employment on the basis of age". In addition to the pleadings, the record contains further proof of a present and genuine controversy between the parties, since respondent has, on at least four occasions, sought injunctive relief directed at examinations scheduled by petitioner. The controversy presents a question of law, involving statutory interpretation, with no disputed facts, and an adjudication of the parties' rights is likely to render later litigation unnecessary. In these circumstances, we are of the view that there is a justiciable controversy appropriate for declaratory relief *(see, Klostermann v Cuomo,* 61 NY2d 525).

■ As to the availability of administrative remedies, respondent correctly argues that the exhaustion of administrative remedies doctrine is applicable to declaratory judgment actions *(see, Slater v Gallman,* 38 NY2d 1), but that doctrine is

subject to certain exceptions, including the futility of resort to the administrative remedy *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57). We agree with Supreme Court that it would be futile for petitioner to await respondent's final determinations in the various age discrimination complaints against petitioner now pending before respondent. We note that these complaints were filed as early as February 1, *1984,* yet to date the matters have not proceeded past interim findings of probable cause. Although public hearings were recommended, there is nothing in the record to show that hearings have been held, or even that they have been scheduled, despite the passage of several years since the interim findings of probable cause were made. The protracted delays clearly lend an air of uncertainty to petitioner's hiring practices and suggest that continued waiting by petitioner would be futile. More importantly, the record establishes that petitioner cannot obtain adequate relief in the administrative process. Final determinations in favor of petitioner on the merits of the pending complaints will not prevent further disruption of petitioner's hiring practices. As previously noted, respondent asserts in his answer that he has the authority to compel petitioner's compliance with the age discrimination provisions and, therefore, a ruling in favor of petitioner on the merits of the various complaints would not prevent respondent from considering subsequent age discrimination complaints or seeking injunctive relief against petitioner as in the past.

Respondent also claims that the real parties in interest are the various complainants whose complaints have been pending for up to seven years and not respondent, but based on the foregoing analysis we find no merit in this claim.

■ Turning to the merits, Supreme Court held that insofar as the general age discrimination provisions of Executive Law § 296 (3-a) (a) conflict with the specific age limitations imposed on the hiring practices of the State Police by Executive Law § 215 (3), the general provisions must yield to the specific. We agree with Supreme Court's application of a well-settled rule of statutory construction *(see, AP Propane v Sperbeck,* 157 AD2d 27, 30; *National Org. for Women v Metropolitan Life Ins. Co.,* 131 AD2d 356, 358, *lv dismissed* 70 NY2d 939; McKinney's Cons Laws of NY, Book 1, Statutes § 238). The rule, of course, is not absolute; it does not apply where the result would be contrary to the intent of the Legislature *(see, Dutchess & Columbia Coop. Ins. Co. v State of New York,* 43

AD2d 769, *affd* 36 NY2d 835). Respondent contends that the legislative intent to have the age discrimination provisions of the Human Rights Law control can be found in the fact that those provisions were extended to persons under age 40 in 1975 (L 1975, ch 803), long after the enactment of Executive Law § 215 (3) with its age limitations on petitioner's hiring practices. There is, however, nothing in Laws of 1975 (ch 803) to indicate the Legislature's intent that the age limitations of Executive Law § 215 (3) were to be repealed, and "[r]epeals by implication are heavily disfavored by the courts" *(Horowitz v Incorporated Vil. of Roslyn,* 144 AD2d 639, 640, *lv dismissed* 74 NY2d 835). There must be an express manifestation of intent by the Legislature—either in the statute or the legislative history *(Matter of Consolidated Edison Co. v Department of Envtl. Conservation,* 71 NY2d 186, 195), which is absent here. Nor can an intent to repeal be presumed from the existence of a conflict between the two statutes, since the conflict is not such that it is impossible to give some effect to both statutes *(see, Alweis v Evans,* 69 NY2d 199, 204). It is also noteworthy that Executive Law § 215 (3) was amended in 1988 (L 1988, ch 386), but the Legislature made no change in the age limitation provisions *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 396, at 572).

Accordingly, we conclude that Supreme Court properly held that the general age discrimination provisions of the Human Rights Law must yield to the specific age limitation provisions applicable to the State Police *(see, Knapp v Monroe County Civ. Serv. Commn.,* 77 AD2d 817, *lv denied* 51 NY2d 708, *appeal dismissed* 51 NY2d 877). The judgment is therefore affirmed.

Mikoll, Levine, Mercure and Crew III, JJ., concur.

Judgment affirmed, without costs.