■ In the Matter of LOUIS A. CRUZ et al., Respondents, v EDWARD F. GENTNER et al., Appellants. [658 NYS2d 1010] —In a hybrid proceeding and action, *inter alia,* for a judgment declaring that a resolution calling for the removal of a member of the petitioner Board of Managers was invalid, the appeal is from an order of the Supreme Court, Suffolk County (Hall, J.), dated April 30, 1996, which granted the petition and declared the resolution invalid.

Ordered that the order is affirmed, with costs.

It is a well-established principle of statutory construction that a general provision does not overrule a particular provision but applies only where the particular provision is inapplicable *(see, People v Lawrence,* 64 NY2d 200; *People v Mobil Oil Corp.,* 48 NY2d 192; *People ex rel. Davidson v Gilon,* 126 NY 147, 155-156; *F & N Corvette & Classics v Corvette Repairs,* 206 AD2d 349; *AP Propane v Sperbeck,* 157 AD2d 27, 29; *Matter of Prospect v Cohalan,* 109 AD2d 210, *affd* 65 NY2d 867). Moreover, in the absence of a contrary intention, general provisions do not overreach particular prohibitions founded on special reasons of policy or convenience and an explicit statement controls general language of an earlier enactment *(see, Gwynne v Board of Educ.,* 259 NY 191). In this case, the court properly determined that the specific requirements of the by-laws providing for the specific manner in which a member of the Board of Managers was to be removed overrode the general provisions of the by-laws that provided that the unit owners were allowed to act without a meeting.

The appellants' remaining contentions are without merit. Copertino, J. P., Thompson, Santucci and Friedmann, JJ., concur.