■ In the Matter of GENERAL ELECTRIC CAPITAL CORPORATION, Petitioner, v NEW YORK STATE DIVISION OF TAX APPEALS, TAX APPEALS TRIBUNAL et al., Respondents. [754 NYS2d 84] —Crew III, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained the denial of a sales tax refund.

Petitioner, a finance company, provided private-label credit card financing to various New York vendors and consumers. The vendors issued private-label credit cards to their customers and then assigned the customers' credit card agreements and accounts to petitioner. In return, petitioner financed the customers' purchase price, including any sales and use taxes.

Numerous accounts assigned to petitioner became uncollectible, as the result of which petitioner sought a refund of the sales taxes associated with those debts pursuant to Tax Law § 1132 (e), which authorizes respondent Commissioner of Taxation and Finance to provide a refund or credit of sales taxes paid on receipts subsequently ascertained to be uncollectible. Petitioner's application was denied on the ground that such refunds are not authorized to third parties (with two exceptions not applicable here) who have financed the transactions or to whom the debts have been assigned (*see* 20 NYCRR 534.7 [b] [3]). Petitioner challenged the denial and, after waiving an administrative hearing and stipulating to the facts, an Administrative Law Judge found 20 NYCRR 534.7 (b) (3) to be a reasonable interpretation of Tax Law § 1132 (e), that both Tax Law § 1132 (e) and the regulation promulgated pursuant thereto superseded the general rules of assignment contained in General Obligations Law § 13-101 and that the regulation did not violate public policy. Following an unsuccessful appeal to respondent Tax Appeals Tribunal, petitioner commenced

this CPLR article 78 proceeding contending that the Commissioner had acted in excess of his jurisdiction by promulgating the contested regulation and that the Tribunal's decision was arbitrary, capricious and unsupported by substantial evidence.

Petitioner's primary contention is that 20 NYCRR 534.7, insofar as it prohibits assignment of sales tax refunds to third parties, is in conflict with General Obligations Law § 13-101, which provides that any claim or demand may be assigned unless expressly forbidden by statute or where it would contravene public policy. We disagree. Tax Law § 1132 (e) grants the Commissioner the authority to allow, by regulation, an exclusion from taxable receipts for uncollected debts or, where the tax has been paid, for a refund. It cannot be doubted that the statute, as written, refers to credits or refunds only to vendors inasmuch as only vendors are possessed of "taxable receipts" (*see* Tax Law § 1101 [b] [3], [8]). Accordingly, there was nothing irrational in promulgating 20 NYCRR 534.7, which limited such credits or refunds to vendors and excluded third-party assignees.

Assuming, as urged by petitioner, that 20 NYCRR 534.7 (b) (3) is inconsistent with the provisions of General Obligations Law § 13-101, we need note only that the cited regulation implements the provisions of Tax Law § 1132 (e). Thus, to the extent that General Obligations Law § 13-101 is inconsistent with 20 NYCRR 534.7, it likewise is inconsistent with Tax Law § 1132 (e). Accordingly, the provisions of Tax Law § 1132 (e) control, as it is a later and more specific statute than General Obligations Law § 13-101 (*see Matter of Nieves v Haera*, 165 AD2d 201, 203). We have considered petitioner's remaining contentions and find them equally unavailing.

Carpinello, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.