Matter of Brandon G. (2004 NY Slip Op 51513(U))

[*1]

Matter of Brandon G.

2004 NY Slip Op 51513(U)

Decided on September 10, 2004

Family Court, Suffolk County

Spinner, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 10, 2004

Family Court, Suffolk County
In the Matter of CPS o/b/o BRANDON G., et al 
 A Child under Eighteen Years of Age Alleged to be Neglected by JOHN O. TRACEY O., Respondents.
N xxxxx-04

Suffolk County Attorney Andrew Wolk, Esq. John B. Belmonte, Esq.
Attorney for Petitioner Attorney for John O. Law Guardian
400 Carleton Avenue 330 Motor Parkway Legal Aid Society of Suffolk County
Central Islip, New York 11722 Hauppauge, New York 11788 400 Carleton Avenue
By: Frank Krotschinsky, Esq. Central Islip, New York

Jeffrey Arlen Spinner, J.
In these consolidated proceedings filed pursuant to Article 10 of the Family Court Act the Respondents John O. and Tracey O. are alleged to have neglected Brandon G., Anne O., Alex O., Charles O. and Peter G. as that term is defined in F.C.A. §1012(f)(i)(B). The petition alleges, inter alia, that since May of 2003 the Respondent John O. has engaged in an ongoing pattern of domestic violence, both verbal and physical, and has [*2]abused alcohol to the extent that the children have been place at imminent risk of becoming physically, mentally and emotionally impaired. The petition against Respondent Tracey O. alleges that having the knowledge of the above alleged conduct she failed to take appropriate measures to protect the children from the co-respondent John O.

 In the instant proceedings, the Petitioner County, has been served with a demand for discovery requesting, inter alia, the records of Child Protective Services relating to this case and a request for written interrogatories pursuant to CPLR § 3130. The Petitioner County objects to the request for written interrogatories and now moves for protective order pursuant to
CPLR § 3103.
 The Petitioner County is correct that proceedings brought under Article 10 of the Family Court Act are considered special proceedings and as such are governed by Article 4 of the CPLR. Moreover, section 408 of that same article requires leave of court for disclosure "except for a notice under section 3123." Accordingly, leave of court is required prior to the utilization of depositions, including written interrogatories. To date this Court has received no such request for the use of these kind of discovery devices.
 In contemplating a motion for a protective order, the court shall consider, inter alia, the need of the party seeking discovery to assist in the preparation of the case, as well as any potential harm to the child that may arise through the use of the particular form of discovery. See; FCA § 1038(d). The Court has reviewed the instant petitions and is cognizant that the Petitioner County has provided the respondents with copies of the Child Protective Services case record. Presently, based upon this information, the Court is unaware of any special circumstance in the instant proceeding which would give rise to the need for written interrogatories. The Court finds the Respondent's arguments relating to judicial economy and calendar congestion to be unpersuasive. Accordingly, the Petitioner County's request for a protective order is granted and the Petitioner shall not be required to provide written interrogatories as a form of discovery. The interrogatories heretofore propounded shall be and the same are hereby stricken in their entirety.

 The foregoing constitutes the decision, judgment and order of this Court.
 HON. JEFFREY ARLEN SPINNER Judge of the Family Court Dated: September 10, 2004

**The names of the parties and children have been altered in order to protect their privacy.