Kane, J.
Appeal, by permission, from an order of the Family Court of Greene County (Lalor, J.), entered February 5, 2008, which, in two proceedings pursuant to Family Ct Act article 10-A, granted the Law Guardian’s motion for an order compelling compliance with certain discovery demands.
This appeal concerns the applicability of the disclosure provisions of CPLR article 31 to permanency proceedings under Family Ct Act article 10-A. The Law Guardian served petitioner with notice to take the deposition of a caseworker involved in the development of a permanency plan for the Law Guardian’s clients, as well as the production of petitioner’s records relating to these children. The Law Guardian also served similar demands on a placement agency under contract with petitioner. Without moving for a protective order, petitioner merely returned the notices claiming that they were invalid. The Law Guardian then moved to compel compliance with her disclosure demands. Family Court, which had recently approved a new permanency plan, considered the motion as an application for premotion discovery pursuant to CPLR 3102 (c) and granted the application to the extent of requiring petitioner to disclose its file and produce its caseworker for a deposition, but denied disclosure from the placement agency. Petitioner appeals.
Initially, Family Court had jurisdiction in this pending proceeding. If a child is freed for adoption, “the case shall remain on the court’s calendar and the court shall maintain jurisdiction over the case until the child is discharged from placement and all orders regarding supervision, protection or services have expired” (Family Ct Act § 1088). Although there are strict time frames for commencement and completion of permanency hearings (see Family Ct Act § 1089), the case itself continues from initial placement until permanency is achieved (see Sobie, Practice Commentaries, McKinney’s Cons Law of NY, Book 29A, Family Ct Act § 1086, 2008 Pocket Part, at 238-240). Because the case is of a continuing nature, Family Court did not need to consider the application as one for preaction or premotion discovery pursuant to CPLR 3102 (c).
Turning to the merits, the disclosure devices of CPLR article 31 are available to parties to a proceeding under Family Ct Act *1026 article 10-A. Family Ct Act § 1088 directs that the disclosure provisions of Family Ct Act § 1038 are available in permanency proceedings. Family Ct Act § 1038 directs that the provisions of CPLR article 31 are applicable to Family Ct Act article 10 proceedings, with certain limitations not relevant here (see Family Ct Act § 1038 [d]; see also Family Ct Act § 165 [a]; Matter of Crystal AA., 271 AD2d 771, 771-772 [2000], lv dismissed 95 NY2d 903 [2000]). Clearly, the specific provisions of Family Ct Act article 10 override the general discovery limitations placed on special proceedings under CPLR 408 (cf. Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib., 301 AD2d 819, 820 [2003], affd 2 NY3d 249 [2004]; Matter of Constantine v White, 166 AD2d 59, 62 [1991]; but see Matter of Brandon G., 5 Misc 3d 1023[A], 2004 NY Slip Op 51513[U], *1 [2004]; Matter of Commissioner of Social Servs., 170 Misc 2d 126, 128-129 [1996]). Upon receipt of the notice of deposition of petitioner’s employee (see CPLR 3102 [b]; 3106 [b]), if petitioner disagreed with the time or manner of service, the proper response would have been to serve written objections identifying the defect (see CPLR 3112). On the other hand, if the objection related to the right to examine the witness or the production of documents, petitioner was required to move for a protective order (see CPLR 3103 [a]; 3120; Family Ct Act § 1038 [b]). As petitioner did not comply with the demands, serve specific written objections or move for a protective order, the Law Guardian was entitled to compel the demanded disclosure.
The Law Guardian also sought to depose an employee of the placement agency providing services to children pursuant to a contract with petitioner. This agency was not a party to the proceeding and the Law Guardian failed to show any special circumstances requiring disclosure from it, rendering service of the notice without a court order ineffectual (see CPLR 3101 [a] [4]; Cerasaro v Cerasaro, 9 AD3d 663, 665 [2004]). Once Family Court declined to compel disclosure from the placement agency in this instance, the ruling that it was a party for future proceedings constituted an impermissible advisory opinion (see Matter of NRG Energy, Inc. v Crotty , 18 AD3d 916, 919 [2005]). In any event, based upon the limited information before the court concerning this agency, the court erred in holding that the placement agency will be deemed a party for disclosure purposes in any further proceedings.
Finally, the specific language of Family Ct Act § 1114 (a)— that the filing of a notice of appeal from a Family Court order does not give rise to a stay—abrogates the more general automatic stay provision of CPLR 5519 (a) (1)—providing an *1027 automatic stay where the state or a political subdivision, such as petitioner, is the appellant (see Family Ct Act § 165 [a]; Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1114, at 365). Thus, no automatic stay is in effect. Not having moved for a stay, petitioner was required to comply with Family Court’s order despite the prosecution of this appeal.
Mercure, J.R, Spain, Carpinello and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as held that Northeast Parent and Child Society is deemed a party for disclosure purposes in any further proceedings; and, as so modified, affirmed.